WILLIAM R. BORDERS

*v.*

ANNIE E. MURPHY *et al.*

*Filed at Mt. Vernon June 16, 1888.*

1. TRUSTEE—*becoming a purchaser at his own sale—as, in the case of
an executor—rights of cestui que trust, or heirs.* A trustee, or one acting
in a fiduciary capacity, can not become a purchaser at his own sale, either
directly or indirectly, and hold to his own use; and it matters not whether
the sale is made by himself or under a decree of court, or whether there
was any fraud, in fact, intended.

2. The general rule is, when a trustee of any description, or a person
acting as agent for others, sells a trust estate, and becomes himself inter-
ested, either directly or indirectly, in the purchase, the *cestui que trust* is
entitled, as a matter of course, at his election, to have the sale affirmed or
set aside.

3. An executor, under a decree of court authorizing the sale of lands of
the estate to pay debts, sold one hundred and sixty acres of land to his son
and partner for the sum of one dollar, subject to a mortgage then held and
controlled by the executor. The son testified that his object was to secure
the rents about falling due, to apply on the debt held by his father. It was
*held,* that the heirs of the testator were entitled to have the sale set aside,
and have an account for the rents and profits received by the purchaser.

4. ASSIGNMENT OF ERROR—*by whom.* An executor, authorized by the
will to collect the rents of his testator's lands and pay the same to the heirs
or their guardians, failed to do so, but sold the land under a decree of court,
to his son, who purchased in the interest of his father, and collected the

37—125 ILL.

rents to apply in reduction of a debt due the father. The court, on bill by the heirs, set aside the sale, and required the son to pay the rents to the heirs instead of to the executor. On appeal, the latter failing to assign errors, it was *held*, that the son could not assign for error that he had been ordered to pay the rents to the heirs instead of the executor, as it was a matter of no concern to him to whom he paid the rents.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. KOERNER & HORNER, for the plaintiff in error:

That part of the decree setting aside the sale is based on the theory that the purchase of the land at executor's sale by William Borders was made for the benefit of the firm of Borders & Boyle, which consisted of James J. Borders and John C. Boyle. James J. Borders was the executor, and the court was of the opinion, apparently, that owing to that position he was incapacitated from protecting his interests as a creditor, by buying, at a fair price, the property by which his debt was secured.

The proof does not bear out the finding that the purchase was made for the benefit of Borders & Boyle. Had it been so made, there is no law prohibiting such action.

Both James and William Borders say that the purchase was made by William for his own benefit. The sale was made, it must be presumed, for full value, as there is no complaint made of the price obtained.

What was to prevent the mortgagees, Borders & Boyle, from securing themselves by bidding in the property at a fair price? The mere fact that one of them was executor of the will would not compel the firm to forego the security it had for the debt of the deceased, or the opportunity of availing of it. Suppose that the lands were sold under foreclosure proceedings of Borders & Boyle, could not the firm become a purchaser although one of its members is executor of the estate?

After setting aside the sale, the order proceeds to direct that William R. Borders shall refund to the complainants the amount

of rents collected by him. This is erroneous, because as purchaser he is entitled to the rents.

On the theory of the complainants, and the decree, William R. Borders was acting for Borders & Boyle, who were mortgagees with condition broken. As such, they were entitled to the rents. They were entitled to the possession and enjoyment of the premises, which they could have recovered in ejectment. *Carroll* v. *Ballance*, 26 Ill. 9.

The mortgagor may be considered as the tenant of the mortgagee. *Carroll* v. *Ballance*, 26 Ill. 9; *Jackson* v. *Warren*, 32 id. 340.

The mortgagee has the right of entry until the debt is barred. *Pollock* v. *Maison*, 41 Ill. 516.

A mortgagee in possession after condition broken, even under a void sale, is entitled to keep the possession until his debt is paid. (*Harper* v. *Ely*, 70 Ill. 584.) True, he must account for rents and profits, which are, in the first instance, however, applied to the payment of the debt. .

The executor was by the will empowered to collect the rents, consequently there is not the slightest excuse to decree their payment to other parties. On the theory of the complainants, he did collect them by his "confidential agent," William R. Borders, and it may be, if the mortgagees had not been entitled to them, as in fact they were, the executor could have been compelled to pay them to the complainants. But, neither in law, nor in equity, which follows the law, can any reason be shown why William R. Borders should pay them to the complainants.

Mr. H. CLAY HORNER, for the defendants in error:

The rule that an executor can not, at his own sale, purchase the land itself, either directly, in his own name, or indirectly, in the name of another, requires no citation of authorities. Its object is not simply to remedy fraud and unfairness in such sales after the fraud or unfairness shall have been discov-

ered, but to prevent all trustees from putting themselves in the way of temptation. Hence the fraud, motives, adequacy of price, etc., are never inquired into, and such inquiry is wholly irrelevant.

The rule goes further. Its primary object being not simply to remedy exposed fraud, but to remove all temptation to commit fraud, it goes to the root of the danger, and prohibits from purchasing, not only the executor, but all other persons whose relations to him are such that he might, directly or indirectly, be benefited by their purchase,—as, wife, partner, brother and partner, or son and partner. Lewin on Trusts, (8th ed.) 486; *Dundas' Appeal,* 64 Pa. St. 332; *Davone* v. *Fanning,* 2 Johns. Ch. 253; *Romaine* v. *Hendrickson's Exr.* 27 N. J. Eq. 163, and citations; Kerr on Fraud, (Bump's ed.) 162; *Ex parte Burrell,* 7 Jur. 116.

For reasons of the same general character, and because he has superior opportunities for gaining information which he may use for his private gain, neither the agent of the executor, *(Buckles* v. *Lafferty,* 2 Rob. 294, *Cram* v. *Mitchell,* 1 Sanf. 256, *Romaine* v. *Hendrickson's Exr.* 27 N. J. Eq. 163,) nor the solicitor, *(Ex parte James,* 8 Ves. Jr. 344, *Ex parte Bennett,* 10 id. 385,) nor the appraiser of real estate, *(Armstrong* v. *Huston's Heirs,* 8 Ohio, 553,) nor the cashier of a bank, when the bank is trustee, *(Torry* v. *Bank,* 9 Paige, 250,) can purchase at a trustee's sale.

Approval of the report of sale is no bar to the relief sought. Plaintiff in error makes no point on this, however. *(Guest* v. *Smith,* 5 L. R. Ch. App. 551.) And it is not necessary to pray a vacation of the order approving the sale, nor for the court to decree such vacation. *McConnel* v. *Gibson,* 12 Ill. 130; *Building Co.* v. *McKenzie,* 8 Bro. P. C. 42.

The suggestion that a trustee can take advantage of his position to collect trust funds, and then, in defiance of the express and imperative directions of the instrument conferring his powers, retain the same on a private debt held by himself

and another, jointly, confuses all ideas of set-off, at law or in equity, would render the sacred office of trustee a position for private speculation and gain, is inconsistent with common honesty, and a reflection upon the law itself. 2 Pomeroy's Eq. Jur. secs. 1092, 1075-1078, and notes.

Plaintiff in error can assign errors that affect himself only, and not such supposed error as affects his co-defendant, L. J. Borders, who does not prosecute this writ. *Tibbs* v. *Allen,* 27 Ill. 125.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by the minor heirs of William Murphy, deceased, and was to set aside an executor's sale of real estate which had belonged to the decedent at the time of his death. The sale was made under an order of court, to pay debts of the estate. The purchaser at the sale was William R. Borders, who is a son of the executor, James L. Borders, who made the sale. . The amended bill also asks for an account of rents received by such purchaser, in favor of complainants. On the final hearing, the court found, from the evidence, that all of the allegations of the amended bill were true, and also found the amount of rents that had been received by defendant William R. Borders since his alleged purchase, and rendered a decree setting aside the executor's sale, and directing defendant William R. Borders to pay the rents by him received, to complainants. Although James L. Borders, the executor, and William R. Borders, the purchaser, were made defendants, and a decree passed against both of them, only the latter has assigned error on the record.

The sale made by the executor is assailed on the ground the relations between the executor and purchaser,—being father and son,—were such, the latter could not rightfully become a purchaser, and on the further ground, the purchase was in fact made in the interest of the executor making the sale. Conceding the facts to be as the court below, by its decree, found

them to be, the executor's sale was very properly set aside. The lands described in the bill consisted of two tracts, containing in all about one hundred and sixty acres, and at the sale the same were struck off to the purchaser for the sum of one dollar, subject to a mortgage thereon that had been made by decedent, in his lifetime, to the executor and his former partner, John C. Boyle, but at the time of the sale the mortgage was held and controlled by the executor. Prior to the sale the lands had been occupied by a tenant, from whom rents had become, or were about to become, due. These rents the purchaser claimed the right to, and did, collect. There is evidence that shows that at the time he bid in the lands, the purchaser was a partner with his father, the executor, in the banking business. The purchaser was not present at the sale, but the executor was. A proposition in writing from William R. Borders was submitted, which the crier of the sale understood was a bid of one dollar for the whole lands, subject to the Borders & Boyle mortgage, and after some considerable discussion in respect to the manner of making the sale, the lands were struck off to defendant, Borders, on the terms mentioned. What the discussion had reference to does not distinctly appear, and perhaps it is not important. It is proved the closest personal and business relations existed between the father and the son, both at the time of the sale and before. After the sale, the son collected the rents from the occupying tenant, and he admits, in his testimony, he may have said, "Our object in getting the rents was to save ourselves,—in fact, the main object I had in getting the rents was to save ourselves on the Borders & Boyle mortgage to the extent of the rents." This admission is not denied by the executor. These and other facts fully proved, lead to the belief the sale was in the interest of the executor himself,—certainly to the extent the rents that might be received would reduce the mortgage indebtedness held by him; and conceding such to be the fact, the case comes clearly within the well settled rule, that

a trustee can not rightfully become a purchaser at his own sale, and hold to his own use. It matters not whether the sale is made by himself, or under a decree of court. The rule applies alike in both cases. It may be, and is, doubtless, true, there was no fraud, in fact, intended in this transaction, either on the part of the purchaser or on the part of the executor. It is not necessary to hold there was any fraud in fact, to warrant the relief granted to complainants. The general rule on this subject is, when a trustee of any description, or a person acting as agent for others, sells a trust estate, and becomes himself interested, either directly or indirectly, in the purchase, the *cestui que trust* is entitled, as a matter of course, at his election, to have the sale affirmed or set aside. That principle is conclusive of the case being considered. Here, it is admitted by his co-defendant, the executor was interested in his own sale, to the extent the rents might be received,—and which proved to be quite considerable,—would operate as a reduction of the mortgage indebtedness held and controlled by him. That the law forbids, and the sale was properly set aside.

It is said, that part of the decree which directs William R. Borders to pay the rents by him received, to complainants, is erroneous, for the reason, under the will the executor was authorized to collect the rents. It is admitted the will authorized the executor to collect all rents, and pay the same to the heirs, or to their guardian. It might have been, and no doubt would have been, correct, had the decree provided the rents should be paid to the executor; but it is a matter of no concern of the party assigning errors on this record, to whom he pays the rents by him collected. The error, if any exists, does no one any harm, for the will provides, the rents, when received by the executor, should be paid to the heirs or their guardian. The result is precisely the same, and the money reaches the *cestuis que trust* more directly than it otherwise would.

The decree of the circuit court will be affirmed.

*Decree affirmed.*