JOHN F. BENSON, Respondent, v. ANNIE BENSON, Admx., etc., Appellant.

St. Louis Court of Appeals, December 23, 1902.

1. **Administratrix: PURCHASE OF ASSETS OF ESTATE BY ADMINISTRATRIX: SETTING ASIDE SALE: PARTIES.** Courts will not set aside purchases of trust property by a trustee at his own instance as a matter of course, the rule against such dealings being intended for the protection of the beneficiaries.

2. ———: ———: ———: ———. A purchase of property of an estate by the administratrix at its appraised value can not be set aside at her own instance, though she had been imposed on and had bought at an excessive price, where she had retained the property for more than a year, and made payments on it, and only one creditor was represented, in the proceedings to set it aside, and none of the heirs.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*John M. Wood* for appellant.

(1)   As appears from the record, the gist of the contention herein is, the sale in question being void, is appellant under the evidence estopped from pleading this fact as a defense? As appears from the record, defendant contends that the sale in question is void, and respondent, in effect, admits this contention, but claims that under the evidence appellant is estopped from attacking the validity of said sale. It is true respondent contends that under section 227, Revised Statutes 1899, the prayer of his petition should be granted. But if it be conceded that the sale was void then, as appears from the record, there is no money in the hands of the appellant out of which to make payments on any of the demands allowed against the estate, and the order on the

appellant to make payments on the demands was without authority of law. Clark v. Sinks, 144 Mo. 448. (2) The only question for the court to determine, therefore, is, as to whether under the evidence appellant is estopped from pleading as a defense that said sale was void. There is no evidence of fraud or misconduct on the part of defendant. To require appellant to make a gift of $900 to this estate would be unconscionable. "Where the mistake is of so fundamental a character that the minds of the parties have never in fact met, or where an unconscionable advantage has been gained by mere mistake or misapprehension, and there was no gross negligence on the part of the plaintiff, equity will interfere in its discretion, in order to prevent intolerable injustice." Blair v. Railway, 89 Mo. 392.

*Bertrand F. Fenn* for respondent.

(1) It is an ancient and very familiar doctrine that the sale by an executor, or administrator, of property, of the estate to himself, either directly or indirectly, whether at private sale or a public one, no matter how honest, open and fair, may be avoided at option of the beneficial owner, or *cestui que trust*. 2 Werner's American Law of Administration, section 334, page 700. But generally such sales are not void, but voidable. Ib. Though such sale is void as against the *cestui que trust,* distributee and creditors, the administrator who makes it can not take advantage of his own wrongful act to set it aside, but creates by such sale an estoppel personal to himself. Hopper v. Steel, 18 Ala. 831, and cases cited. The judgment is final until properly vacated by the probate court. Bland v. Muncaster, 24 Miss. 62. In the case at bar, the probate court heard all the evidence and approved of the sale. The appellant in the sale of the property to herself was acting within the rights given her by section 117, Revised Statutes 1899. The action of the lower courts was proper. Sec. 227, R. S. 1899.

GOODE, J.—The case originated in the probate court of the city of St. Louis where plaintiff filed his petition for an order on the defendant to pay in full, or pro rata his fifth-class claim of $122.85, which had been duly probated against the estate of appellant's intestate and placed in the fifth class of demands. On a hearing in the probate court, that court made an order directing appellant to pay all demands of the first, second, third and fourth classes allowed against the estate, and fifty per cent of all the demands of the fifth class. The case was appealed to the circuit court by the administratrix where the cause was submitted to that court on the following agreed statement of facts and contentions of the parties:

"In order to obtain a speedy trial of this cause, and to minimize the expense thereof, it is hereby stipulated and agreed by and between the parties in this cause that the same be submitted to the  court without a jury and without argument, and upon the following agreed statement of facts and contentions of the respective parties based thereon, to-wit:

## "STATEMENT OF FACTS.

"On or about the —— day of June, 1898, defendant Annie E. Benson was, by the probate court of the city of St. Louis, appointed administratrix of the estate of said Henry C. Benson, qualified as required by law, and on the —— days of June and July following, published notice of her appointment. On the —— day of June, following her appointment, the administratrix filed an inventory and appraisement of the property of the estate as the law directs. At the time of his death said Henry C. Benson was the owner of and engaged in operating a soda water factory in the city of St. Louis.

"The appraisers appointed by the probate court appraised the machinery, stock on hand, and equipment of this factory at $1,829.88, when in fact its market value at the time did not exceed six or seven hundred dollars. From the property last described there was

set off to the widow, said Annie E. Benson, as her absolute property, pieces of machinery and parts of the equipment of the value of $400, according to said appraisement, leaving the remainder of said plant and equipment of the appraised value of $1,429.88.

"This residue consisted largely of bottles, boxes, corks, etc., used in the business. Annie E. Benson is an uneducated and very ignorant woman. Her ability to write and read writing is limited to her own name, and her ability to read print is limited to the simplest words. While plaintiff was present and assisted the appraisers in appraising said property, defendant was not present, was not consulted, and made no suggestions regarding said appraisement, and at no time knew the market value of said property. On June 28, 1898, the probate court directed said administratrix to sell said residue of the equipment of said factory, which was appraised as aforesaid at $1,429.88 for cash, at not less than the appraised value. Pursuant to this order the administratrix made an effort to sell said property, but failed to find a purchaser.

"Having reported this fact to the court, the court afterwards, on October 24, 1898, made a second order directing her to sell said property for cash, at not less than its appraised value, and further directing her to retain said property at its appraised value, in case she could find no other bidders at that price. Afterwards, on April 29, 1899, she reported to the court that she had made diligent effort to sell said property on the terms named in said order, and to that end had offered the property to the heirs and creditors of the estate, and having received no bids for the same, had retained the property herself at its appraised value, $1,429.88, as directed by the court. This report was approved by the court, and defendant charged with said amount. The defendant has not disposed of this property, but substantially all of it is now in her possession, and is now worth substantially as much as at the date that she purchased it. By charging herself with the appraised value of said property, $1,429.88, defendant's last an-

nual settlement, made prior to the filing of the petition herein, shows a balance in her hands of $1,023.29. At the date that plaintiff filed his petition herein, only a part of the expense of the administration of said estate had been paid. Since this cause was appealed from the probate court, defendant has paid the clerk of said court, on account of fees, taxed in the administration of said estate, the sum of $46.55, for which defendant has not received credit, and the sum of $—— is still due on that account, and for which defendant is liable.

"Defendant is insolvent, and any amount adjudged to be paid by her must be paid by the surety on her bond. Only $270.98 in cash was received by the administratrix from the estate, and this was disbursed before this proceeding was begun. The only assets in her hands now, and at the date of the institution of this proceeding were and are the goods and chattels aforesaid appraised as aforesaid at $1,429.88, against which she had made advancements up to the date of the institution of this proceeding sufficient to reduce the balance charged against her to $1,023.29, and has since advanced $46.55, as aforesaid."

## "CONTENTIONS OF PLAINTIFF.

"1. That under the provisions of section 227 of the Revised Statutes of 1899, the prayer of the plaintiff should be granted.

"2. That by reason of her delay, defendant is now estopped from claiming that the sale of said property to her was void.

"3. As the purchase by defendant was voluntary, the fact that she paid more for the property than it was worth constitutes no defense to this action."

## "DEFENDANT'S CONTENTIONS.

"1. That the sale of the property by the administratrix to herself was void, notwithstanding its approval by the probate court.

"2.   As the evidence shows that defendant has not disposed of the property, and that it is worth substantially as much now as at the time she bought it, there can be no estoppel in the case, and for the court to hold the sale void would be but just to her surety, and give the creditors all they are entitled to—the market value of the property at the time she bought it.

"3.   The administratrix not having disposed of the assets in question, the application for distribution must, under the law, be denied.   (Clarke v. Sinks, 144 Mo. 448.)"

The circuit court made a similar order to that made by the probate court, from which, after an unsuccessful motion for new trial, the administratrix appealed to this court.

The cause was tried in the circuit court on the theory that the so-called sale of the property to the appellant, as administratrix, was an invalid sale but that by reason of her retention of the property she was estopped to deny the sale.

The agreed facts show the appellant retained what of the personal property of her deceased husband's estate was left after deducting her widow's allowance, the property being taken by her at its appraised value with the approval of the probate court, which authorized this course in advance and approved of it afterwards.   Appellant was charged with the value of the property retained by her, to-wit: fourteen hundred and twenty-nine dollars and twenty-eight cents, on which sum she subsequently paid enough to reduce the balance charged against her, at the institution of this proceeding, to ten hundred and twenty-three dollars and twenty-nine cents and has paid forty-six dollars and fifty-five cents more since the proceeding was instituted.   She reported the retention of the property and her report was approved in April, 1899, a year and one-half before respondent's motion for distribution was made.

The transaction in regard to the property amounted to a purchase of it by the appellant, which, as she was

acting as trustee of the property, was illegal and voidable at the instance of any *cestui que trust*. A few decisions have held such purchases by executors and administrators to be utterly void both at law and in equity; but the weight of opinion is that they are only voidable and suffice to pass the legal title to property; though probably any court would set one aside at the complaint of a creditor of the estate or a legatee without proof of actual prejudice to the interest of the estate since the law prohibits a trustee from buying at his own sale. 2 Woerner's Admin. Law (2 Ed.), sec. 487; Melons v. Pabst Co., 93 Wis. 153; White v. Iselin, 26 Minn. 487; Otis v. Kennedy, 107 Mich. 312; Murphy v. Teter, 56 Ind. 545; Anderson v. Green, 46 Ga. 351; Borders v. Murphy, 125 Ill. 577; Fox v. Macbeth, 1 W. & T. Lead. Cas. In Eq. ( part 1) note on p. 256; Wilson v. Proup, 2 Cow. 238; Ives v. Ashley, 97 Mass. 198; Baines v. McGee, 1 S. & M. 218; Den v. McKnight, 6 Halstd. 385; Litchfield v. Cudworth, 15 Pick. 31.

Whatever their holdings on the subject are, courts do not set aside purchases of trust property by trustees at their instance as a matter of course; because the rule against such dealings is intended for the protection of beneficiaries and was adopted to prevent them from being defrauded by self-serving trustees. Fox v. Macbeth, 1 W. & T. Lead. Cas. 257; Richardson v. Jones, 3 Gill & Johnson, 163.

Facts are mentioned in the agreed statement which might commend the appellant to a court of equity for relief as one who has been imposed on; but the purchase by her can not be treated as a nullity in this decision after she has retained the property for more than a year and made payments on the price of it. The necessary parties are not before the court to enable us to go into the whole matter and set aside the sale as having been induced by mistake or imposition or hold the appellant for the actual value of the goods on the theory of a conversion by her. Only one creditor is represented and none of the heirs, if there are any. Yet all creditors and heirs are interested in the matter, and for aught

that appears there may be other parties to be affected by any radical judgment that might be entered. This shows the need of resorting to equity or at least to some step or proceeding by which every one concerned is brought before the court. Thorp v. McCullum, 6 Ill. 614; Mock v. Pleasant, 34 Ark. 63; Bland v. Muncaster, 24 Miss. 62. The relief prayed was rightly granted under sections 227 et seq., Revised Statutes 1899.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.