Anthony Kurzawski and Helen Boldega, Appellants,
v. Adela Malaga, Individually and as Trustee et
al., Appellees.

Gen. No. 44,768.

Opinion filed June 29, 1949.  Released for publication July 18, 1949.

CLOYES & CAVENDER, of Chicago, for appellants.

JOHN J. MACIEJEWSKI, of Chicago, for appellees.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a suit in equity arising out of a family trust. The trial court found the equities with defendants and dismissed plaintiff's complaint.  Plaintiff appealed to the Supreme Court and the case was transferred here because a freehold was not involved. *Kurzawski v. Malaga,* 402 Ill. 207.

The parties to the suit are brothers and sisters. They are the nine children of Ignac Kurzawski who died intestate in 1946.  In July, 1945, he conveyed to his daughters, the defendants, Adela Malaga and Florence Wlodarski, as trustees under a trust agreement, the property at 1742 and 1744 W. 48th Street, Chicago, Illinois.  The property consisted of two lots, referred to herein as lots 28 and 29, each improved with a two-story building containing a store and apartment.  After the father's death the trustees on April 3, 1947, sold the property.  Lot 28 was purchased by Adela Malaga and her husband for $10,000.00 and lot 29 by Florence Wlodarski and her husband for $9,000.00.  These sales are the basis of this suit.

In the decree the Chancellor found on the issues made by the pleadings, that the sales were valid, the

proceeds were properly accounted for and distributed after notice to the beneficiaries, and that plaintiffs refused to accept their shares. He denied the plaintiff's prayer for a partition, discovery, and accounting and dismissed the complaint for want of equity.

A procedural question has arisen out of the first issue. The trust agreement provided that the trustees, after the death of the father, were to deal with the property only when authorized to do so on written direction of five of the beneficiaries. Several defense witnesses testified that they signed a written direction and that they saw a fifth beneficiary sign. Plaintiffs complain that the Best Evidence rule precludes admission of this testimony and that the court committed prejudicial error in admitting it. The contents of the written instrument were not in issue. The requisite execution of the instrument was an element of proof of the validity of the sale which was in issue. We think the Best Evidence rule does not apply and that the parol testimony of execution of the instrument was properly admitted. *Knickerbocker Insurance Company v. Gould,* 80 Ill. 388; *Evans v. Williams,* 232 Ill. App. 439; 32 C. J. S. 716.

The trust agreement between Adela Malaga and Florence Wlodarski and Ignac Kurzawski was made July 14, 1945. The trustees were to hold title for the benefit of the father during his natural life and for the nine children after his death. The beneficial interests were limited to rents or proceeds of sales and deemed personal property to pass to a beneficiary's personal representative in case of death. Full legal and equitable title was to be in trustees. The trustees were to deal with the property only when authorized to do so and were required to do so on written direction of the father or, after his death, of five of his children named in the agreement. The trustees were not to inquire into the propriety of any such directions.

Plaintiffs attended two meetings at which sales of the properties were discussed. It is clear from the record that plaintiffs objected to the sale of lot 29 for $9,000.00. Both plaintiffs and defendant-trustees testified that the beneficiaries agreed to sell lot 28 to plaintiff Helen Boldega for $10,000.00. Nevertheless Adela Malaga testified, "The following day I secured five signatures." March 26th, 1947, each trustee was notified in writing by attorney for plaintiffs that his clients did not want any sale of the property without notice to them. Pursuant to the written direction referred to by Adela Malaga the sales were made. The purchase money, less proportionate shares of Adela Malaga and Florence Wlodarski, was deposited with Lillian Beutler for distribution pro rata among the rest of the beneficiaries. Plaintiffs thereafter were told by beneficiaries, other than trustees, that checks for their shares awaited them at the Beutler office. They refused to call for the checks. Lillian Beutler subsequently absconded.

There is no question that plaintiffs did not consent, but objected to the sales. The record shows they, at no time expressly or by conduct, approved or ratified the sales. Under these circumstances we have no alternative to declaring the sales invalid. The trust deed did not authorize the defendants to purchase the lots from themselves as trustees. When Adela Malaga and Florence Wlodarski purchased the lots from themselves as trustees without the consent of the plaintiffs, the plaintiffs were entitled, as a matter of course, at their election to have the sales set aside. *Borders v. Murphy,* 125 Ill. 577, 583; *Bennett v. Weber,* 323 Ill. 283. There is no need to question whether the sales were free of fraud (*Borders v. Murphy*) nor whether the prices were adequate (*Bennett v. Weber*).

The fact that the trustees are also beneficiaries has no bearing. The sales do not fall within the

exception to the general rule as the sale in *Gunther v. Gove,* 275 Mass. 235, 175 N. E. 464, where the trustee's wife had an interest in the property which she protected through purchase at a foreclosure sale. The direction signed by the five beneficiaries authorized the sales of the property. It did not validate the sales by the trustees to themselves. There is no merit to defendants' contention that there was no trust obligation to plaintiffs because the trust was dry. Since the property could be conveyed only by the trustees, the trust was active. *Masters v. Mayes,* 246 Ill. 506, 509.

No cases cited, nor found by us, present a factual situation similar to that before us. *LaForge v. Latourette,* 114 N. Y. S. 146; *Dillinger v. Kelley,* 84 Mo. 561; and *Swineford v. Virginia Trust Co.,* 154 Va. 751, 152 S. E. 350, cited by defendants express distinguishing factors. In each it is expressly said, in substance, that the court was not dealing with a case of a fiduciary purchasing from himself. Also in *Stark v. Brown,* 101 Ill. 395, the administrator, purchasing at a tax sale uninventoried property of the decedent, was held to have had no duty to the heirs with respect to that property and was under no temptation to betray his trust. In the instant case the trustees were in the antagonistic position of buyers and sellers. Bogert, Trusts and Trustees, Vol. 3, p. 98.

In view of our conclusions, plaintiffs cannot be charged with the money deposited for them with Lillian Beutler. They did not consent to the sales and would not accept the money.

For the reasons given the decree is reversed and the cause is remanded with directions to enter a decree in conformity with this opinion.

*Decree reversed and cause remanded.*

BURKE, P. J., and LEWE, J., concur.