(No. 36955.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LAWRENCE CURTIN, Plaintiff in Error.

*Opinion filed March 23, 1962.*

DONALD J. HOWE, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Lawrence Curtin, was tried by jury in the criminal court of Cook County and convicted of the crime of armed robbery.

He contends on this writ of error that the State did not supply the defense with a complete list of all the persons present at the time of the defendant's oral confession as required by section 1 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1959, chap. 38, par. 729,) and urges that the court should therefore not have admitted evidence of the confession. The record shows that at the time of the arraignment, the State furnished the defendant with a list of persons present at the time of the alleged oral confession. The record does not contain a copy of that list but from the testimony and the statements of counsel contained in the record, it appears that the list named two police officers and two civilians, one of whom was the victim of the robbery. When this witness commenced to testify concerning the oral confession, defense counsel objected and requested a hearing to determine how many persons were present at the time the confession was made so that it could be determined whether the notice given by the State listed all of those persons. The trial judge acquiesced in counsel's request and stated that if the proof showed that there were other persons present than those named in the list, the confession would be inadmissible. A hearing was then held outside the presence of the jury. At that hearing, the robbery victim, Samuel Gassel, testified that the confession was made while the parties involved were gathered around a table in the showup room of the police station. Gassel testified that while there were several police officers in the room at the time, the only persons around the table were the defendant, Officer Smicklas and himself. He was not able to state whether the other officers were in a position to hear the confession or not. Officer Smicklas testified that the only persons present around the table were the defendant, Gassel, Officer McTigue, one Charles Harrison, and himself. He testified that other police officers were coming and going during this time but did not participate in taking the confession.

McTigue testified that the only persons present at the time of the confession were Smicklas, Gassel, Harrison, the defendant, and himself, although he did state that other persons might have walked in and out of the room.

Harrison's testimony was somewhat confused, but in substance he testified that he and Gassel and three or four policemen were present at the time the defendant made his oral confession.

The defendant did not offer any evidence to show that other persons were present at the time the confession was made. While there was some conflict in the testimony of the witnesses, the preponderance of the evidence was that only Smicklas, McTigue, Gassel and Harrison were actually seated at the table at the time the defendant made his confession. The other officers who came in and out of the room did not participate in taking the confession and there is no evidence that they paid any attention to it or even that they were in a position to hear it. Under these circumstances, we believe that the notice furnished by the State, which apparently listed the names of these 4 witnesses, sufficiently complied with the statute. The oral confession was therefore properly admitted into evidence.

The State attempted to prove on rebuttal that defendant's alibi witness had a bad reputation for truth and veracity. However, it developed that the witness was not acquainted with the reputation of this witness and she was not permitted to testify on that subject. The defendant contends that it was error for the State to even attempt to make such proof since it should have known that the testimony was inadmissible. In view of the fact that the witness was not permitted to testify on the subject, we find no prejudicial error.

Finally, the defendant contends that the State improperly commented to the jury upon the defendant's failure to testify. The record shows that the comment in question occurred when the State was discussing the defendant's

confession. The prosecutor said, "Not only did he say this is the man I held up, he told him how he held him up. He never told anybody he was at Mr. Dehmer's (the alibi witness) house on the day the crime was committed." It is apparent that this comment by the prosecutor was only designed to call the attention of the jury to the fact that the defendant had not said anything about his alibi to the police and was not designed to call the jury's attention to the fact that the defendant had not testified.

We are satisfied from our review of the record that the defendant received a fair trial and that the evidence establishd his guilt beyond a reasonable doubt. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*