(No. 41946.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* LAWRENCE CURTIN, Appellant.

*Opinion filed January 28, 1970.—Rehearing denied March 23, 1970.*

508

WARD, J., took no part.

DUDLEY R. SULLIVAN, of Chicago, (JOHN J. O'CONNOR, of counsel,) appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and JOHN R. McCLORY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

A jury in the circuit court of Cook County found defendant, Lawrence Curtin, guilty of armed robbery and the court sentenced him to the penitentiary for a term of 35 years to life. We reviewed this conviction and affirmed it. (*People* v. *Curtin,* 24 Ill.2d 191.) Defendant thereafter filed a petition for a post-conviction hearing, an evidentiary hearing was conducted and the court entered an order denying him any relief. Appeal from this order is directed to this court pursuant to Supreme Court Rule 651. Ill. Rev. Stat. 1967, ch. 110A, par. 651.

It is first argued that an oral confession admitted into

evidence was an involuntary confession. The voluntariness of this confession was not raised by a motion to suppress prior to or during the trial, and it was not raised on the first review of this case. During the post-conviction hearing the court asked defendant, "Well, what was wrong with this statement, then, that was admitted in evidence?" The defendant answered: "Well, one thing, a lot of it was made up, the police officers just made it up. Another thing it didn't agree with the robbery." It is apparent from defendant's testimony that his contention is not that the oral confession admitted in evidence was made involuntarily, but that he did not make the confession. In *People* v. *Curtin,* 24 Ill.2d 191, we held that the oral confession was properly admitted into evidence, and there is nothing shown in this proceeding to change this holding.

Defendant next argues that he was denied the effective assistance of counsel during his trial. It was argued below and is argued here that defendant's trial counsel, an assistant public defender, should have moved to suppress the confession and should have moved for a change of venue. As we have indicated the testimony at the post-conviction hearing showed there was no need to move to suppress the confession on the ground that it was involuntary. This was later conceded by defendant's post-conviction counsel.

Most of the post-conviction hearing, which took two days to complete, centered around the issue of whether a change of venue should have been sought. On the first day of the hearing, defendant's trial counsel testified that defendant wanted a change of venue and he advised defendant that he was entitled to be tried before another judge if he wished. Defendant, however, wanted this same attorney who had represented him in 3 previous jury trials and had obtained two acquittals and a mistrial before the same judge. Since this attorney had been assigned to this courtroom and since the public defender's office was short of attorneys and could not reassign this attorney, defendant chose to forego

the motion for a change of venue. When all of these facts had been adduced, defendant's post-conviction counsel conceded that the trial counsel was not derelict in failing to move for a change of venue, but he charged that the public defender's assignment system had prejudiced his client.

The post-conviction judge then made an extensive inquiry into the question of whether the trial judge had done anything prejudicial to defendant before the jury. Defendant and his trial counsel both testified that they could not remember anything that the trial judge did which would have prejudiced the defendant before the jury. To further satisfy himself on this point, however, the post-conviction judge granted a continuance of the hearing to allow defendant's post-conviction counsel to review the record to determine if the trial judge had done anything prejudicial before the jury. At the continued hearing, defendant's post-conviction counsel and defendant were permitted to argue and testify at great length as to anything they felt the trial judge did to prejudice defendant before the jury. A reading of the extensive record made on this point convinces us that the post-conviction judge properly found that the trial judge did nothing to prejudice defendant before the jury. We also agree with the post-conviction judge that defendant was entitled to a change of venue and competent appointed counsel; but he was not entitled to have the change of venue and the exact counsel he desired. The record before us conclusively shows that defendant was well represented at his trial.

Defendant's final contention is that his sentence is so excessive as to constitute cruel and unusual punishment. A sentence within the maximum term fixed by the legislature is not cruel and unusual punishment. (*People* v. *Hurst*, 42 Ill.2d 217; *People* v. *Calcaterra*, 33 Ill.2d 541.) The sentence here was within the limits fixed by the legislature.

He also argues that his sentence is more severe than that imposed on most others convicted of armed robbery

or the crime of murder, and, therefore, he has been denied equal protection of the law. Because of the various factors which go to determining a sentence, we will not compare a sentence which is before us with a sentence or sentences not before us. *People* v. *Fuca,* 43 Ill.2d 182.

It is also argued that the trial court found defendant guilty of subornation of perjury without a hearing and based his sentence on this additional crime. Prior· to sentencing defendant, the trial court observed that he had been convicted of burglary on two previous occasions. The court also commented on the fact that defendant produced an alibi witness which neither the jury nor he believed. From these factors he concluded that defendant's chances of rehabilitation were not good. We believe that while some of the court's comments when read out of context may have been inappropriate, a reading of the entire colloquy between the court and defendant's attorney convinces us that the sentence was based simply on the conviction of armed robbery and defendant's prospect for rehabilitation.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.