(No. 42893.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
THOMAS EARL DUDLEY, Appellant.

*Opinion filed September 29, 1970.*

DALE A. ALLISON, JR., of Mount Carmel, appointed by the court, for appellant.

GEORGE W. WOOLCOCK, State's Attorney, of Mount Carmel, for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant, Thomas Earl Dudley, has appealed from an order of the circuit court of Wabash County which dismissed without an evidentiary hearing a petition prepared by his appointed attorney and filed under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*) The circuit court in its order cited the conclusional character of the allegations in the petition as well as the lack of the supporting affidavits or evidence as

reasons for dismissal. The defendant, who had been found guilty of theft and armed robbery and sentenced to 15 to 20 years, argues he should have been given an evidentiary hearing, as the petition contained allegations of fact sufficient to raise substantial constitutional questions. The record shows that the defendant entered a tavern in Mt. Carmel and, after firing a revolver twice, ordered an employee and all of the patrons, save two, into a beer locker. The two patrons not ordered into the locker were among the patrons who were acquaintances of the defendant. After taking the cash box from behind the bar and money from the register, the defendant left the tavern and walked down the street toward an alleyway. A police officer, told by a patron that a gun had been fired in the tavern, observed the defendant walking down the street. He followed him into the alleyway and, minutes after the robbery, the defendant was arrested.

The first claim of constitutional deprivation asserted in the petition was that the defendant's fifth amendment right not to be a witness against himself was violated when certain statements he made while in the custody of the police were admitted into evidence though admittedly he had not been given the cautions required under *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. The statements referred to were not described in the petition but apparently they were statements made in the presence of two police officers who, shortly after the arrest, were making an inventory of property found in the defendant's possession. Both officers testified at trial that while they were so engaged the defendant spontaneously offered to take them to the place where, he said, he had placed the stolen cash box and the gun used in the robbery. The police officers testified that the *Miranda* warnings had not been given to the defendant because no interrogation of him had begun. Their testimony that the defendant had not been questioned and had volunteered the statements was not contradicted by the petition. It stated only that no *Miranda*

warnings had been given. *Miranda* made it clear that "volunteered statements" are not barred from admission into evidence by the fifth amendment. (384 U.S. 436, 478, 16 L. Ed. 2d 694, 726.) In determining whether there should be an evidentiary hearing on a post-conviction petition, the court may consider the contents of the pleading in conjunction with the transcript of proceedings in the trial court. (*People* v. *Hill,* 44 Ill.2d 299, 303; *People* v. *Slicker,* 42 Ill.2d 307, 308.) When viewed in this light it is clear that on the *Miranda* question the defendant's petition did not present such a showing of a denial of constitutional rights that he should have been given an evidentiary hearing under the Post-Conviction Hearing Act. See *People* v. *Arbuckle,* 42 Ill.2d 177; *People* v. *Heaven,* 44 Ill.2d 249.

The post-conviction petition also alleged that the defendant's constitutional rights were violated because his trial counsel was incompetent. The petition claimed particularly that his appointed attorney (1) failed to make an investigation before trial and failed to locate any witnesses to the defendant's actions before the alleged robbery, (2) did not submit testimony in the defendant's behalf, failed to make either an opening or closing statement, and presented no defense to the charge, and (3) made no motion for a change of venue despite prejudicial pretrial publicity. In order for a defendant to establish incompetent representation by appointed counsel, he must demonstrate "actual incompetence of counsel, as reflected by the manner of carrying out his duties as a trial attorney"; and it must further appear that substantial prejudice results therefrom, without which the outcome would probably have been different. *People* v. *Georgev,* 38 Ill.2d 165, 169.

Nowhere in this petition or in the trial record does it appear how the defendant was prejudiced by the claimed conduct of his appointed attorney. The attorney twice interviewed the defendant prior to trial and filed pretrial motions for a determination of competency, for a list of witnesses

and for a change of judge. The petition offers no suggestion how any other pretrial investigation would have been helpful in the preparation of a defense. No person who could have been a witness for the defendant is identified or otherwise described. Regarding the handling of the trial itself, including the rather extraordinary waiver of final argument, the petition contains nothing to show how, considering the complete evidence of guilt, the trial's outcome might have been different had the attorney pursued another tactic. Concerning the point on change of venue, the petition simply charges, without affidavits, exhibits or other supporting evidence, that there had been prejudicial pretrial publicity concerning his cause. The petition's conclusional allegations of the attorney's incompetence, coupled with the lack of any showing of prejudice, were not sufficient to require an evidentiary hearing. See *People* v. *Morris*, 43 Ill.2d 124, 127.

An additional accusation of incompetency is that the defendant's attorney failed to move to suppress evidence obtained through the defendant's volunteered statements. Our discussion above of the inapplicability of *Miranda* to volunteered expressions of a defendant shows that any motion which the attorney might have made to suppress the volunteered statements or the fruits of those statements would have been without merit. Under those circumstances a failure to move to suppress cannot be regarded as a neglect by counsel. See *People* v. *Curtin*, 44 Ill.2d 507.

The post-conviction petition claimed, too, that the defendant had been denied his constitutional right to a fair trial because a *bona fide* doubt of his sanity or competency existed at the time of his trial and that the trial judge refused to empanel a jury to determine competence. On the issue of competency to stand trial the holdings are that where facts and circumstances exist which raise a *bona fide* doubt as to the defendant's sanity, he is entitled to a sanity hearing as provided by law (*People* v. *Smith*, 44 Ill.2d 82; *People* v. *Bortnyak*, 39 Ill.2d 545.) Whether such a doubt

of the defendant's sanity is raised, however, is a matter resting within the discretion of the trial judge. (*People* v. *Pridgen,* 37 Ill.2d 295.) Here, the only evidence presented on the issue was the defendant's own testimony given in a hearing prior to trial under examination by both his attorney and the judge. The defendant claimed he could not remember any of the details of the alleged offense. He claimed to have been under the influence of narcotics and alcohol at the time of the offense. Despite those assertions he was able to relate to the court some of the circumstances surrounding his arrest shortly after the crime and the subsequent events. Although he said that he did not believe he could assist his attorney in his defense, the court was not obligated to accept this self-serving statement (*People* v. *Pridgen,* 37 Ill.2d 295, 299). The trial judge had an opportunity to observe the defendant and assess his credibility, and was aware of all the circumstances which the defendant claims raised a *bona fide* doubt of his sanity. We cannot say that the trial court abused its discretion in ruling that no competency hearing was required at the time of the trial.

In connection with this question the defendant claims additionally that his appointed counsel was incompetent for failing to re-submit the question of his competency at the trial itself. We cannot agree. Since the trial court had already considered the question and had ruled against the defendant on this issue, it appears it would have been futile for counsel to have again made a motion for a competency hearing in the absence of new facts bearing upon the issue. The existence of such facts is not claimed in the post-conviction petition. There is simply nothing to suggest that counsel's conduct in this regard constituted incompetency. *Cf. People* v. *Curtin,* 44 Ill.2d 507.

The defendant complains, under the circumstances here, that he was improperly indicted and tried for both theft and armed robbery. However, the State dismissed the theft indictment and no judgment was entered on this verdict of

guilty. Judgment of conviction was entered and sentence imposed only for the offense of armed robbery. No injury was sustained by the defendant.

The defendant's concluding contention is that his sentence, considering the circumstances of the offense, was excessive and constituted cruel and unusual punishment. However a sentence which is within the maximum term set by the legislature for the crime will not be considered a punishment which is in violation of the constitutional protection. (*People* v. *Curtin,* 44 Ill.2d 507; *People* v. *Hurst,* 42 Ill.2d 217.) The sentence imposed here was within the term provided by statute.

For the reasons given, the judgment of the circuit court of Wabash County is affirmed.

*Judgment affirmed.*