**UNITED STATES of America ex rel. Thomas Earl DUDLEY, Petitioner-Appellant,**

**v.**

**Elza BRANTLEY, Warden, Illinois State Penitentiary, Menard Branch, Respondent-Appellee.**

**No. 71–1813.**

United States Court of Appeals, Seventh Circuit.

Argued April 3, 1972.

Decided May 12, 1972.

Thomas Earl Dudley, pro se. for appellant.

William J. Scott, Atty. Gen., James B. Zagel, Melbourne A. Noel, Jr., Asst. Atty. Gen., Chicago, Ill., for appellee.

Before SWYGERT, Chief Judge, and KILEY and PELL, Circuit Judges.

PER CURIAM.

Dudley filed a habeas corpus petition for relief from his February, 1968 armed robbery conviction in an Illinois court. The district court dismissed the petition without an evidentiary hearing, and Dudley has appealed pro se. We affirm.

Dudley was arrested soon after the robbery of the Oasis Tavern in Mt. Carmel, Illinois. He was handcuffed and taken to the police station. From there, Dudley took the police officers to a place where the cash box stolen from the tavern, and a gun used in the robbery, had been placed by him. The cash box and gun were admitted in evidence at the trial. Dudley was convicted, and his petition under the Post-Conviction Hearing Act was dismissed. He appealed, and the Illinois Supreme Court, People v. Dudley, 46 Ill.2d 305, 263 N.E.2d 1, affirmed the dismissal order.

In his habeas corpus petition Dudley alleged that the cash box and gun were obtained in violation of his constitutional rights because of the failure of the police to give the *Miranda* warnings, and that the Illinois court committed constitutional error in admitting this real evidence against him in violation of the Fifth Amendment; and that his court-appointed counsel was so incompetent as to deprive him of his Sixth Amendment right of effective representation.

The district court, in agreement "with the ruling of the Supreme Court of Illinois," decided that as a matter of law Dudley's rights were not violated by use of the cash box and gun at his trial, and that there is no showing in the petition that Dudley's court-appointed counsel at trial was not effective in his representation of Dudley.

It is effectually conceded by the government that *Miranda* warnings were not given to Dudley before he led the officers to the incriminating real evidence. And the Illinois Supreme Court opinion, which we have read, states that the post-conviction petition did not contradict the police officers' testimony at Dudley's trial that he "had not been questioned" before he volunteered to take the officers to the place where he had placed the cash box and gun. The Supreme Court concluded that Dudley's post-conviction petition did not require an evidentiary hearing on the claim of denial of constitutional right through use of the cash box and gun at the trial.

■ However, Dudley's habeas corpus petition alleges that the arresting officers questioned him and obtained his agreement and were led to the cash box and gun before he was given the *Miranda* warnings. Yet we hold as a matter of law that even if the admission of the evidence was constitutional error, the error is clearly harmless under Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). The direct testimony of witnesses in the tavern —one of them a relative—who were acquainted with Dudley, that he committed the armed robbery in the Oasis Tavern,

was overwhelming. This evidence clearly identified Dudley as the robber and showed that he fired the gun in the tavern and took the tavern cash box. Immediately outside the tavern, nearby police, alerted to the robbery, arrested him.

 We find no error in the district court's relying upon the Illinois Supreme Court opinion in determining that Dudley's habeas petition makes no showing that he was denied effective representation at his trial in violation of his Sixth Amendment right. In Supplement Page Two of his petition Dudley sets forth nine claims of inadequate representation. Several of these claims contradict findings of fact of the Illinois Supreme Court with respect to trial evidence. We see no reason to discuss *seriatim* the nine claims. It is enough that we think that the Illinois Supreme Court fully disposed of them and that the redetermination of the district court with respect to them was not erroneous.

For the reasons given, we affirm.