THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANNY R. DAWSON, Defendant-Appellant.

(No. 11981; ■■■■■■■■■

Fourth District—October 7, 1975.

Michael J. Costello, of Springfield, for appellant.

596

Edwin R. Parkinson, State's Attorney, of Jacksonville, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was found guilty by a jury in the circuit court of Morgan County of the offense of armed robbery but not guilty of the charged offense of felony murder. Upon the original appeal, this court concluded that the verdicts of the jury were inconsistent. We reversed the conviction upon that basis and in so doing it was unnecessary that we consider certain other alleged errors. (*People v. Dawson*, 19 Ill.App. 3d 150, 310 N.E.2d 800.) The supreme court granted leave to appeal, held that the verdicts were not inconsistent, reversed the judgment of this court and remanded the case to this court for consideration of the other errors asserted by the defendant but not considered in our original opinion. *People v. Dawson*, 60 Ill.2d 278, 326 N.E.2d 755.

The remaining issues for decision relate to an assertion that the trial court should have granted a change of place of trial; that the evidence was insufficient to convict; and that the failure of the trial court to instruct on accomplice credibility was prejudicial. Further, the defendant asserts the sentence imposed of 15 to 40 years is cruel and excessive. Upon consideration of these issues, we affirm the judgment of the trial court.

■■ It is unnecessary that the facts of this case be restated in any detail for the same are set forth in the original opinion of this court and in the supreme court opinion. With reference to one purported assignment of error the defendant claims that pretrial publicity in this case was such as to require the trial court to grant a change of place of trial. The trial court after a hearing and after consideration of newspaper articles, radio commentaries, and the content of a nationally syndicated magazine determined that the evidence did not establish reasonable ground for fear that prejudice actually existed in the community where the defendant was tried and that the defendant could not receive a fair trial in Morgan County. From our review of this evidence, we conclude that the trial court did not abuse the discretion vested in it under the authority of *People v. Meyers*, 381 Ill. 156, 44 N.E.2d 870, and *People v. Tillman*, 4 Ill.App.3d 910, 282 N.E.2d 231.

■■ In this case, as noted in the cited earlier opinions, an associate of the defendant—Hawkins—who was not a co-defendant but who had been convicted and sentenced, testified for the People. At the time of his testimony, Hawkins was serving a sentence of 35 to 95 years for murder. The defendant tendered a jury instruction which stated: "A confession may not be considered by you against any defendant other than the one who made it." The trial court refused the instruction and the defendant

assigns such refusal as error. Hawkins was not a co-defendant, and the only defendant at trial was Dawson. Thus, the refused instruction was irrelevant. IPI Criminal 3.17 is the appropriate instruction regarding the testimony of an accomplice. There was no error in refusing the tendered instruction.

■■ The defendant also contends that three actions of the trial court, while not reversible error standing alone, were in combination prejudicial and require reversal. The first error in this category relates to a statement made by the prosecutor while examining a prospective juror on *voir dire*:

"If we present to you a witness now presently in the state penitentiary, would you be able to judge his testimony fairly, or would the mere fact that he is a prisoner, a convicted felon in the state penitentiary, would this prejudice you in any way as to believability of the witness?"

This statement was objected to by defense counsel and a motion for a mistrial was made and denied. The jury was instructed to disregard the statement. There was no error in the trial court's ruling.

■■ At one time during the course of the trial, the State's attorney of Morgan County, who was not trying the case, momentarily sat at a table in the courtroom with the prosecutor. He did nothing in connection with the trial of the case. The case was being prosecuted by a special prosecutor appointed by the county board. Upon the authority of *Hayner v. People*, 213 Ill. 142, the defendant asserts that the "gratuitous assistance of the State's attorney" was prejudicial and oppressive to the defendant. We find no merit in this contention. The facts in the *Hayner* case indicate participation in the trial of a criminal case by an attorney, not connected with the office of the State's attorney but hired and paid by another entity. That case has no relevance to the facts in this case.

■■ Finally, in the category of accumulative error, the defendant asserts that the trial court erroneously and on its own motion limited the defendant's cross-examination of Hawkins. The record indicates this exchange during the cross-examination of Hawkins by defense counsel:

"Q. I understand you are now serving 35 years for murder, 35 to 95?

A. That's right.

Q. All right. You came into this court room and pleaded guilty to the crime of murder at that time, did you not?

A. Yes I did.

Q. Now, your case is presently on appeal?

A. Yes.

Q. Have you talked to the state's attorney about any clemency or leniency?

A. None.

Q. You didn't mention that yesterday at all to him?

A. No.

The Court: Just a moment. You may come forward.

(Whereupon counsel approached the bench and the following proceedings are out of the hearing of the jury.)

The Court: Mr. Costello, you are ordered to discontinue the examination about leniency or clemency from the state's attorney. He has no power in that regard and advised the jury to that effect.

Mr. Costello: All right, sir."

As indicated, Hawkins had been sentenced prior to the time he had appeared as a witness in this case. In *People v. French*, 75 Ill.App.2d 453, 220 N.E.2d 635, the court stated:

"It is error to unduly restrict cross-examination of an accomplice as to whether he has received, been promised, expects to obtain, or hopes for leniency or immunity in consideration of his testimony." (75 Ill.App.2d 453, 460, 220 N.E.2d 635, 638-639.)

(See *People v. Bolton*, 10 Ill.App.3d 902, 295 N.E.2d 11.) The cross-examination of Hawkins was restricted. The witness, however, did deny that any deal was made with the State's attorney in connection with his testimony. However, even if the trial court unduly restricted the scope of the cross-examination of Hawkins, such error is clearly harmless in this case in view of the fact that Hawkins testified that Dawson instigated and planned the offense and the jury by its verdicts clearly rejected his testimony.

■■ The contention of the defendant that the trial court erroneously admitted exhibits into evidence and that the evidence was not sufficient to convict beyond a reasonable doubt are not amplified in the brief. The general assertion that there was no competent evidence in this case and that the evidence was insufficient to convict without further specificity is not sufficient to tender those issues to this court.

■■ Finally, the argument that the sentence imposed of 15 to 40 years for the offense of armed robbery constitutes cruel and excessive punishment is disposed of by *People v. Curtin*, 44 Ill.2d 507, 255 N.E.2d 916, wherein the court specifically held that a sentence within the maximum term fixed by the legislature is not cruel and unusual punishment.

The judgment of the circuit court of Morgan County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.