THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALTER SIMMONS, Defendant-Appellant.

First District (5th Division) No. 61624

Opinion filed January 23, 1976.

Chester L. Blair and Larry L. LeFevre, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Eugene J. Rudnik, Jr., of counsel), for the People.

Mr. JUSTICE BARRETT delivered the opinion of the court:

Defendant takes this appeal from a finding of guilt in a bench trial for preventing a pollwatcher from examining a voting machine in violation of section 24—13 of the Election Code (Ill. Rev. Stat. 1971, ch. 46,

par. 24—13) · Defendant was sentenced to four year's probation with the first 20 weekends thereof to be spent in the House of Corrections.

Defendant raises three issues on appeal: whether the indictment charging defendant is void because defendant is not charged as being one of the persons regulated by section 24—13 of the Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 24—13); whether the State failed to prove Joseph Spiezer's authority as a pollwatcher beyond a reasonable doubt; whether defendant's sentence was excessive.

Joseph Spiezer testified for the State that he was a pollwatcher on April 6, 1971, at the 58th precinct of the 24th Ward for the Republic candidate for City Treasurer. Spiezer approached the polling place at 5:30 A.M. and encountered defendant who refused Spiezer admittance. Spiezer identified himself as a pollwatcher and showed his credentials, but defendant persisted in refusing Spiezer entry into the polling place.

Spiezer testified that he succeeded in gaining entry as the polls were beginning to open and immediately walked toward one of the voting machines in order to examine the public counter. As he attempted to approach the machine, Spiezer was grabbed and hit by defendant and then thrown against a coke machine, thus being prevented at that point from ascertaining whether anyone had voted prior to the opening of the polls. Soon thereafter several police officers arrived and instructed the judges that Spiezer had a right to be in the polling place. He was subsequently permitted to examine the public counter. Spiezer surrendered his pollwatcher credentials to the judges of election, and remained in the polling place for the remainder of the day.

Defendant testified that he was a challenger representing an aldermanic candidate in the 58th precinct of the 24th Ward on April 6, 1971. Defendant stated that he did not see Spiezer prior to 6 a.m. and that Spiezer neither asked to be admitted into the polling place nor showed defendant his credentials. He grabbed Spiezer only because he had rushed through the door of the polling place, ran into defendant and knocked defendant up against a wall.

Lorraine Priban testified that she was a pollwatcher in the 58th precinct of the 24th Ward on April 6, 1971. She observed defendant grab Spiezer by the lapels and push him up· against the wall as Spiezer attempted to get the count.

OPINION

■■ Defendant's first contention on appeal is that the indictment which charged him with violating the right of a pollwatcher from examining a voting machine is void because defendant is not charged in the indictment as being one of the persons regulated by section 24—13 of the

Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 24——13).[1] The indictment in part stated that:

"* * * on April 6, 1971, at and within said county, WALTER SIMMONS, also known as EDDIE SIMMONS committed the offense of REFUSING TO PERMIT A POLLWATCHER TO EXAMINE A VOTING MACHINE. * * *"

Defendant asks this court to apply the law that an indictment is fatally defective when defendant is not described as being a member of a class, when the particular offenses can be committed only by a member of such class. (*People v. Powell*, 353 Ill. 582, 187 N.E. 419.) We recognize that section 24—13 of the Election Code establishes and regulates in great length the duties of numerous classes of individuals in its attempt to provide the orderly and honest administration of elections. However, the relevant portion of this section makes no reference to a particular class which is prohibited from refusing a pollwatcher the right to examine a voting machine. Rather, it states implicitly that all individuals present in the polling place at the particular time shall permit a watcher to examine the machines. For this reason defendant need not have been identified in any manner other than by his name, and was properly charged by the indictment.

Defendant contends in his second point on appeal that the State failed to prove Spiezer's authority as a pollwatcher beyond a reasonable doubt because it failed to introduce the pollwatcher credentials as the primary evidence of his authority. Where the existence, rather than the contents of an authorization is in issue, parol evidence may be introduced to prove the execution of the authorization. (*Kurzawski v. Malaga*, 338 Ill.App. 182, 86 N.E.2d 898.) Upon careful review of the record we find that Spiezer's testimony that he was issued pollwatcher credentials, along with the fact that he was permitted to remain in the polling place the entire day of election, and was subsequently permitted to examine the public counter, was ample evidence for the trial judge to find beyond a reasonable doubt that Spiezer's presence in the polling place was authorized. The credibility and weight to be given to the testimony of the witnesses is a matter for the trial court's determination and will not be disturbed unless palpably erroneous. *People v. Arndt*, 50 Ill.2d 390, 280 N.E.2d 230.

Defendant finally contends that his sentence of 20 weekends of

---

[1] The statute in part states that:
"Such watchers shall be permitted to carefully examine each voting machine before the polls are declared open and to compare the number of the metal seal and the number on the protective counter with their own records * * *." Ill. Rev. Stat. 1971, ch. 46, par. 24—13.

incarceration as a condition to his four years' probation was excessive and should be reduced to straight probation. A sentence which is within the maximum term set by the legislature for the crime involved will not be considered constitutionally excessive and will not be disturbed on review. (*People v. Dudley*, 46 Ill.2d 305, 263 N.E.2d 1.) We believe that the trial court's opportunity in the course of the trial and hearing in aggravation and mitigation is superior to our own in making a sound determination concerning the punishment to be imposed. (*People v. Taylor*, 33 Ill.2d 417, 211 N.E.2d 673.) For these reasons, this court will not reduce the sentence imposed by the trial court.

Affirmed.

LORENZ, P. J., and SULLIVAN, J., concur.