UBELHOR *v.* GEORGE; HARDING *v.* MILLER.

[Nos. 31,109 and 31,110. Filed June 22, 1967. Rehearing denied July 14, 1967.]

*John D. Clouse,* of Evansville, for appellants.

*Ralph Zoercher* and *Gary E. Becker,* both of Tell City, for appellees.

Judge Arterburn delivered the opinion of the Court.

These appeals are brought by appellants against appellees to contest the election (non-political) of school board members. Since the appeals concern the same election and the same issues, they were consolidated for consideration by this Court.

An election was held for school board members of the Community Schools Corporation of Perry Central, Indiana on the 3rd day of May, 1966, at the time of the primary election under the statute. The appellant, Ubelhor, received 925 votes in the form of "paster ballots" and the appellee, George, his opponent, received 574 votes by ordinary ballot. The appellant, Harding, received 906 votes by "paster ballots" and the appellee, Miller, received 582 votes by ordinary ballot. The Perry County Election Board did not count any of the paster ballots cast for the appellants, and declared the appellees elected as members of the school board. The trial court below, in the election contest proceedings from which these appeals are taken, affirmed the action of the Perry County Election Board, declaring the appellees duly elected members of the school board.

The only issue raised here on this appeal is the validity of the paster ballots cast for the appellants. That issue is narrowed by appellees' answer brief to the issue of whether or not the appellants, "because of their failure to file a statutorily required nominating petition," were legal candidates to receive votes.

This contention of the appellees is specifically directed to Burns' Ind. Stat. Anno. § 28-2448 (1965 Cum. Supp.), which provides that members of the metropolitan board of education shall be elected:

"... at the primary elections held biennially in the state commencing with the next primary election which is held

more than sixty (60) days after the creation of the metropolitan s c h o o l district as provided herein. Nominations for each member of the board of education shall be made by a petition signed by the nominee and by ten (10) registered voters residing in the same board member district as the nominee, . . ."

The statute further provides that this election held at primary election time shall be by means of "a separate ballot" without party designation. In this connection, the appellees cite the statute on paster ballots, with the statement that it is not applicable by reason of the provisions of the school election law requiring nominating petitions. The section on paster ballots, Burns' Ind. Stat. Anno. § 29-5023 (1949 Repl.), provides in general for the use of paster ballots. In part it states:

"*Paster ballots.*—In addition to the state and local ballots which the clerk is to deliver to the voter in the election room under the provisions of section two hundred and sixty (260) [§ 29-5021], the voter may take with him into the booth a printed ballot or ballots of his own selection or preparation to be known as a paster ballot or ballots, and designed to be pasted upon either such state or local ballot, or upon each of them. . . ."

The statute then goes into considerable detail and among the provisions therein, it is stated that it shall be unlawful to use a paster ballot unless the person "desires to vote for one or more persons on one or more offices respectively to be filled at such election, the names of which person or persons are not printed upon the state or local ballot. . . ."

Thus, by implication, the statute providing for paster ballots authorizes the use of same when a voter desires to vote for a person whose name is not printed on the ballot and who necessarily has not been nominated by petition, election or convention. It would seem, therefore, that the fact that an election statute provides for a nomination by petition or otherwise, would not conflict with the statute providing for paster ballots, since it is in cases where

a person is not nominated that a paster ballot may be used. This, in our opinion, is the holding in *Cleveland* v. *Palin* (1935), 209 Ind. 382, 199 N. E. 142, where, under a law providing for a municipal election and the nomination of candidates, it was held that a paster ballot may be used, even though the statute providing for the municipal election and nominations was passed subsequent to the Paster Ballot Act. It is said in that case at p. 392:

> "It is also insisted that ch. 198, Acts 1921, p. 514, which, according to its title, requires a declaration of candidacy to be filed by independent candidates at least thirty days before a primary election, is in conflict with the paster ballot law and accomplishes its repeal. However, the language of the act itself indicates that it deals with the printing of the names of such candidates upon the official ballot and is not in conflict with the provisions of the paster ballot law."

In that case the Court also stated at p. 389:

> "It is conceded that the appellees received a majority of the votes cast at the election if those who voted paster ballots cast legal ballots."

The court held the paster ballots valid.

An investigation of past legislation shows that in 1915 and again in 1917 the general assembly, in providing for primary elections, stated each time:

> "Nothing in this Act contained shall prevent any individual voter at any general election from using paster ballots, as provided by law." Acts 1915, ch. 105, p. 359; Acts 1917, ch. 117, p. 354.

To hold here that no one would be eligible for election as a school commissioner except upon the filing of a petition for nomination would, for all practical purposes, eliminate the use of paster ballots. The purpose of the statute, in our opinion, was to permit voters in our democratic society a free choice in voting for public officials. In some

states this procedure is called the "write in" vote. 26 Am. Jur. 2d, *Election,* § 213, p. 44.

In *Oviatt* v. *Behme et al.* (1958), 238 Ind. 69, 78, 147 N. E. 2d 897, 902, we stated:

"It is a serious matter under our system of government to deprive one of an office for which he has received the highest number of votes."

We further stated in connection with disqualifying a candidate for public office whose name has appeared upon the ballot:

"Otherwise it could happen that a candidate who received but very few votes would be entitled to an office although a vast majority of the votes were cast by voters believing in good faith another candidate was qualified when, in fact, he was not. The constitutional provision that 'all elections shall be free and equal' means that 'the vote of every elector is equal in its influence upon the result to the vote of every other elector." See *Oviatt* v. *Behme, supra,* at p. 75.

The judgments of the trial court are reversed, with directions to enter judgments for each appellant, and such other proceedings as are necessary to conform with this opinion.

Hunter, C. J., and Jackson and Mote, JJ., concur.

NOTE.—Reported in 227 N. E. 2d 443.