THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVEN JOSEPH TILLMAN *et al.*, Defendants-Appellants.

(No. 69-63;

Fifth District—March 23, 1972.

Walter La Von Pride, of Chicago, for appellants.

Byron L. Connell, State's Attorney, of Mound City, for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Steven Tillman and Earl Mims were convicted of murder, attempted murder and armed robbery in violation of Sections 8—4, 9—1 and 18—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, pars. 8—4, 9—1 and 18—2), respectively, in a jury trial in the Circuit Court of Pulaski County. They were tried together and each was sentenced to a term of 60 to 90 years in the penitentiary for murder, five to 20 years for attempted murder, and five to 15 years for armed robbery.

On September 8, 1968, defendants Tillman and Mims accompanied Frank Johnson and Andrew Allen on an automobile trip from Chicago to Mound City, Illinois. In the early evening Allen stole a .22 caliber pump rifle from his grandfather's home in Mound City, Illinois. The four began their return trip to Chicago with Allen driving. Allen followed a 1966 red Mustang, driven by Donna Coonrod, into the driveway of the Coonrod home in Mounds, Illinois. Defendants Tillman and Mims testified that they were asleep in the back of the automobile and were unaware of what transpired in the Coonrod home that evening. Allen testified that he forced Donna Coonrod into her home at the point of the stolen rifle. He testified that he was accompanied by defendants, Tillman and Mims, and that Frank Johnson was asleep in the automobile.

Allen further testified that the following transpired: He shot Ray Coonrod in the head once with a .22 caliber revolver owned by Coonrod and handed to him by defendant Tillman; Tillman shot Donna Coonrod in the head with the rifle; he took some silver dollars from a dresser and defendant Mims took Ray Coonrod's wristwatch from the same dresser; defendant Mims followed him out of the house and said that the man (Ray Coonrod) was not dead, and Mims took the revolver from Allen and returned to the house whereupon Allen heard at least three shots; in the car later that evening, Steve Tillman said, "I shot that bitch in the head," and Mims said he shot the man dead and said, "You didn't think I had enough courage, did you, Andrew?" Ray Coonrod survived the shooting, but his wife died.

The first issue is whether the State proved beyond a reasonable doubt that defendant Tillman murdered Donna Coonrod, whether defendant Mims attempted to murder Ray Coonrod, whether defendant Mims committed an armed robbery when he took the watch of Ray Coonrod while Mr. Coonrod was being held at gunpoint, whether defendant Tillman committed an armed robbery when he took some silver dollars from the Coonrod home while the occupants were being held at gunpoint, and finally whether defendants Tillman and Mims actively participated in the above described overt acts and in the admitted attempted murder by Allen of Ray Coonrod to such an extent that they could be held criminally responsible for the overt acts under Ill. Rev. Stat. 1967, ch. 38, par. 5—2(c).

■■ As stated before, defendants Tillman and Mims claimed that they did not participate in any of these overt acts and at the time were asleep in the back seat of the car in the Coonrod's driveway. Allen gave eyewitness testimony that defendant Tillman shot Donna Coonrod and that defendant Mims took a watch from the Coonrod home. Allen also testified to admissions on the part of Tillman that he shot Donna Coonrod and on the part of Mims that he shot Ray Coonrod. Allen testified that he also shot Ray Coonrod. The defendants' only contention, at best, is that the jury should not have believed Allen's testimony. The jury apparently believed Allen's testimony which was clearly sufficient to show the defendants guilty beyond a reasonable doubt of the crimes charged. We therefore decide this issue adversely to appellants.

■■■ The second issue is whether it was a denial of equal protection for the State to try defendants Tillman and Mims for the offenses described above while not prosecuting Allen and Johnson. Defendants cite no cases in support of this proposition and our research confirms that there are no cases in Illinois supporting them. The case most often cited for this type of equal protection argument is *Yick Wo v. Hopkins,*

118 U.S. 356. *Yick Wo* concerns the discriminatory application against Chinese of a statute regulating the facilities and business of laundering (operating a laundry). *Yick Wo* seems to be clearly distinguishable. First, there is obvious distinction between protecting persons in the lawful business of operating a laundry and protecting persons engaged in crimes. As one court said:

"(P)rotection of the law will be extended to all persons equally in the pursuit of their lawful occupations, but no person has the right to demand the protection of the law in the commission of crime." *People v. Montgomery*, 117 P.2d at 446.

The basic premise of the equal protection clause is that the State may not discriminatorily deprive an individual of his rights. In this case, however, there is no deprivation of a right because there is no right to commit crime.

■■ The third issue is whether it was reversible error for the prosecutor to ask defendant Tillman if he admitted to the sheriff that he killed Donna Coonrod. On cross-examination of defendant Tillman the State's Attorney asked: "Now, after that, the next day, on a Saturday, after this being brought into court, didn't you tell the sheriff and the deputy sheriff of Pulaski County that you killed the woman?" Defendant's counsel immediately objected. The court announced a recess. In a chamber conference defense counsel moved for a mistrial and the State's Attorney withdrew the question. When the court was reconvened, the trial judge made the following statement to the jury: "The record will show that the last question is withdrawn. Therefore, it becomes unnecessary for the court to pass upon the objection of the attorney for the defendants. You may state your next question, counsel." The defendants argue that this question was made in reference to certain incriminating statements which had been suppressed by the court after a pretrial hearing. The question was never answered and the trial court treated it in a manner which gave it a minimal amount of attention. Under these circumstances we are unable to say that the trial court abused its discretion in denying defendants' motion for a mistrial.

The remaining issue is whether the court erred in denying the motions of the defendants for a change of venue transferring the case to another county for trial. The publicity complained of is ten newspaper articles and a magazine article from *Master Detective*, later offered as part of the record in this proceeding on the 5th day of February, 1971, by motion to this court.

■■ The record of the *voir dire* indicates that almost all of the jurors had read the newspaper articles. The magazine article was not mentioned. The substance of the articles was that defendants were accused

of the slaying. All of the jurors were questioned individually by the trial judge. Some were excused for cause because they had formed a belief in defendants' guilt from reading the articles. Those who were retained stated that they could decide the case fairly and impartially even though they had read the articles. Considering the nature of the crime, the articles were not lurid or inflammatory. They expressed no opinion of the defendants' guilt although they did say such things as the defendants were being held without bond; that they were captured in Chicago and that Mims' brother was picked up in Chicago while driving the Coonrod car. Under the rationale of our Supreme Court in *People v. Gendron*, 41 Ill.2d 351, 243 N.E.2d 208, we hold that the trial court did not abuse its discretion in denying the motion for change of place of trial.

For the foregoing reasons the judgment of the Circuit Court of Pulaski County is affirmed.

Judgment affirmed.

EBERSPACHER and JONES, JJ., concur.