THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLIFFORD SHERMAN, Defendant-Appellant.

(No. 72-52;

Second District—January 17, 1973.

ABRAHAMSON, J., dissenting.

Paul Bradley and Richard J. Wilson, both of Defender Project, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock, (John D. Gorby, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant herein was convicted of driving without a valid driver's license in violation of Ill. Rev. Stat. 1969, ch. 95½, sec. 6—101, and was sentenced to three days imprisonment.

The defendant at the time was an emancipated, unmarried minor of

the age of 20 years. Pursuant to the provisions of Ill. Rev. Stat. 1969, ch. 95½, sec. 6—107, a driver's license had been issued to him pursuant to the written consent of his father. Upon the written request of his father, pursuant to said statute, the Secretary of State cancelled the license previously issued to him.

Ill. Rev. Stat. 1969, ch. 95½, sec. 6—107, provides that

"* * * any person under the age of 21 years and not legally emancipated by marriage"

must, in substance, apply for a license with the sponsorship of his parent, guardian or a responsible adult.* Defendant contends that this statute is unconstitutional as it applies to him, as it discriminates between an unmarried emancipated minor and a married emancipated minor who may obtain a license without the consent of his parent, guardian, or responsible adult.

■■ There are numerous cases which have held that when the constitutionality of the refusal to grant a license is in issue, the preconditions to obtaining the license, if unconstitutional, will nullify the prosecution even though the requiring of a license itself is not unconstitutional. (See *People v. Love* (1921), 298 Ill. 304, 306, 313; *People v. Schaeffer* (1924), 310 Ill. 574, 584; *City of Chicago v. Vokes* (1963), 28 Ill.2d 475, 478.) The distinction between unconstitutional licensing schemes and the mere wrongful refusal to grant a license is pointed out in *Poulos v. State of New Hampshire* (1953), 345 U.S. 395, (and see *Royal v. Virginia* (1886), 116 U.S. 572, cited with approval in *Poulos*). If a defendant can show that the only provision barring him from a valid license is the unconstitutional one, he may defend on this ground.

■■ We would agree with the State that neither the classifications of minors by marital status, nor the absence of a provision for a hearing prior to cancellation, in the Illinois Vehicle Code violate constitutional restrictions. We find a reasonable legislative purpose in the provisions of Ill. Rev. Stat. 1969, ch. 95½, pars. 6—107, 6—108 (1), which permit the withdrawal of parental consent to drive in every case except where the minor is "legally emancipated by marriage." Equal protection will be offended "only if the classification made rests on grounds which are wholly irrelevant to the achievement of the State's objective." *Lindsey v. Normet* (1972), 31 L.Ed.2d 36, 48.

There is more than one basis for concluding that the classification here is relevant to the State's design to regulate and insure proper licensing of qualified drivers so that driving safety will be at its maximum while

---

* The above Act was amended by the Illinois Legislature effective October 1, 1972. Consent of a parent, guardian or responsible adult is no longer required for any person over the age of 18.

accommodating the mobility of its citizens. To this end, the distinction between married and unmarried emancipated minors may be reasonably drawn. It may be argued that married minors generally have more responsibilities than unmarried minors and a stronger need to be free of the additional restriction of parental consent. Married minors having taken up family responsibilities could reasonably be found to act more maturely and to exercise more prudence and caution on the road than unmarried individuals of the same age. Insurance rates based on actuarial computations of the driving risks involved are generally lower for married than for unmarried drivers, for example.

It should be noted that the distinction of marital status does not absolutely prohibit the minor from driving; it only imposes a requirement that parent, guardian or responsible adult consent is necessary. Such consent or denial thereof is an additional assurance that only qualified drivers will be licensed. While it can be argued that a parent, guardian or responsible adult may withhold consent for arbitrary reasons unrelated to the minor's fitness to drive, as perhaps was the case here, it is not unreasonable for the legislature to presume that in most cases the emanicipated minor's parents will not so act.

■■ Administrative practicality may also be involved. Emancipation often becomes a difficult question of fact. (See *Iroquois Iron Co. v. Industrial Com.* (1920), 294 Ill. 106, 109.) Marriage emancipates a minor. (*In re Estate of Hardaway* (1960), 26 Ill.App.2d 493, 497). It is difficult to determine when a minor is emancipated other than by reason of marriage. It is not unreasonable to minimize the amount of processing and administrative discretion by easy-to-apply requirements to determine qualified drivers.

■■ Further, we do not find a denial of due process because the defendant is deprived of a hearing on the merits of the cancellation of his driver's license. His reliance in this regard on *Bell v. Burson,* 29 L.Ed.2d 90, is misplaced. *Bell* is authority for the rule that the hearing required by due process must be appropriate to the nature of the case. Thus, in *Bell* the hearing was necessary to determine whether the uninsured driver involved in an accident was or was not at fault. But here a hearing would serve no meaningful function since the factual issue whether the father's consent to drive was revoked is not in dispute, nor is this issue ever likely to be in dispute. See also *Stanley v. Illinois* (1972), 31 L.Ed.2d 551, 558; *Cafeteria Workers v. McElroy* (1961), 6 L.Ed.2d 1230, 1236.

We therefore find that the requirements pertaining to the licensing of minor drivers as set forth in Ill. Rev. Stat. 1969, and as amended in 1972, ch. 95½, sec. 6—107, are not in violation of the due process and equal protection provisions of the fifth and fourteenth amendments of the

United States Constitution and Article II, Sec. 2 of the Illinois Constitution.

The judgment of the circuit court of Mc Henry County is affirmed.

Affirmed.

SEIDENFELD, J., concurs.

Mr. JUSTICE ABRAHAMSON dissenting:

I cannot agree with the majority. I would relieve the defendant of the jail sentence imposed on the basis that the Legislature has now cured the complaint of the defendant and the question is now moot.