(No. 45738.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CLIFFORD SHERMAN, Appellant.

*Opinion filed March 29, 1974.*

Ralph Ruebner, District Defender, of Elgin (Richard J. Wilson, Assistant District Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and William J. Cowlin, State's Attorney, of McHenry (James B. Zagel and John Patrick Healy, Assistant Attorneys General, of counsel), for the People.

Wendy W. Schiller, of St. Louis, Missouri (James D. Wolman (Law Student), of counsel), for *amicus curiae,* National Juvenile Law Center.

MR. JUSTICE RYAN delivered the opinion of the court:

Defendant, Clifford L. Sherman, was convicted following a bench trial in the circuit court of McHenry County of the offense of driving his motor vehicle without a valid driver's license, in violation of section 6—101 of the Illinois Vehicle Code (Ill. Rev. Stat. 1969, ch. 95½, par. 6—101). The appellate court affirmed (9 Ill. App. 3d 547), and we granted the defendant's petition for leave to appeal.

Defendant was arrested on April 1, 1971. He was 19 years old. He had been discharged from the Marine Corps in February, 1970, and had resided with his father until August of 1970, at which time he left home. His father thereupon forwarded to the Secretary of State a verified written request that the defendant's driver's license be cancelled, and the Secretary of State, pursuant to that request, issued an order of cancellation on September 8, 1970.

Section 6—107 of the Illinois Vehicle Code (Ill. Rev. Stat. 1969, ch. 95½, par. 6—107) provides as follows:

> "Sec. 6—107. Applications of minors. The application of any person under the age of 21 years, and not legally emancipated by marriage, for a drivers license or permit to operate a motor vehicle issued under the laws of this state, shall be accompanied by the written consent of the father of the applicant, if the father is available and has custody of the applicant; otherwise by the mother or guardian having custody of the applicant, or in the event there is no parent or guardian, then by another responsible adult."

Section 6—108 of the Illinois Vehicle Code provides as follows:

> "Sec. 6—108. Cancellation of license issued to minor. The Secretary of State shall cancel the license or permit of any minor under the age of 21 years in any of the following events:

1. Upon the verified written request of the person who consented to the application of such minor that such license or permit be cancelled;

2. Upon receipt of satisfactory evidence of the death of the person who consented to the application of such minor;

3. Upon receipt of satisfactory evidence that the person who consented to the application of a minor no longer has legal custody of such minor.

After such cancellation the Secretary of State shall not issue a new license or permit for a period of 6 months after the date of said cancellation. The Secretary of State may, after hearing, waive the 6 month period if he finds that an undue hardship exists. Upon the expiration of this 6 month period a new application may be made as required by this Act. These provisions for cancellation shall not apply in the event the minor has attained the age of 21 years."

The defendant contends that the statute arbitrarily discriminates against emancipated unmarried minors inasmuch as it does not require the written consent of a responsible adult for a minor who has been legally emancipated by a marriage. The defendant contends that this arbitrary discrimination denies to the defendant the equal protection of the law guaranteed by the fourteenth amendment of the Federal Constitution.

In analyzing this contention we start with the basic proposition that there is a presumption of the validity of legislative classifications, and the burden of rebutting that presumption is on the party challenging the validity of the classification. (*People v. McCabe,* 49 Ill.2d 338.) Unless the classification constitutes an infringement of a constitutionally protected interest or is inherently suspect, all that is required to sustain it is that it have some rational and reasonable basis. (*Lindsey v. Normet,* 405 U.S. 56, 31 L. Ed. 2d 36, 92 S. Ct. 862; *Reed v. Reed,* 404 U.S. 71, 30 L. Ed. 2d 225, 92 S. Ct. 251; *People v. McCabe,* 49 Ill.2d 338; *Begich v. Industrial Com.,* 42 Ill.2d 32.) However, this court stated in *McCabe,* "[B]ut there is a judicial

obligation to insure that the power to classify has not been exercised arbitrarily and, if it has been, the legislation cannot be justified under the label of 'classification.' " 49 Ill.2d at 341.

We can see no reasonable basis for the distinction which the General Assembly has drawn between minors who have been emancipated by marriage and those who have been otherwise emancipated. In *Iroquois Iron Co. v. Industrial Com.,* 294 Ill. 106, this court held that when a child who is physically and mentally able to take care of himself, voluntarily abandons the parental roof and "leaves its protection and influence and goes out to fight the battle of life on his own account" he is emancipated. This court held that emancipation is inferred where the child contracts for his services and collects and uses his own earnings, and in the same case held that when a minor enlists in the military service he is emancipated so long as this service continues. The court further held that emancipation works a severance of the filial relation as completely as if the child were of age.

It is argued that the classification of the statute under consideration is not arbitrary or unreasonable because minors under the age of 21 are generally considered not to have as safe driving habits as those over that age. Furthermore it is urged that actuarial computations reveal that unmarried minors have a substantially higher accident rate than do married minors. Such an argument may be sufficient to support a classification which distinguishes between married minors and unmarried minors. However no statistical information has been presented which would indicate that minors emancipated by marriage have better driving records than those who have been emancipated through military service or who have in fact been emancipated by leaving their parents' domicile and undertaking to support themselves. No rational basis has been suggested, and we are aware of none, which justifies the distinction drawn by the statute between minors under 21

emancipated by marriage and minors under 21 otherwise emancipated. We must therefore hold section 6—107 of the Illinois Vehicle Code as it existed in 1969 (Ill. Rev. Stat. 1969, ch. 95½, par. 6—107) invalid. Since the classification in section 6—107 arbitrarily discriminates against unmarried emancipated minors, the Secretary of State had no authority in this case to cancel the defendant's driver's license under the provision of section 6—108 upon the receipt of the verified written request of the defendant's father. The driver's license was therefore improperly cancelled and the defendant's conviction must be set aside.

The General Assembly by Public Act 77—2805, effective October 1, 1972, has amended both sections 6—107 and 6—108 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, pars. 6—107 and 6—108). These amendments have reduced the age limit previously contained in these sections from 21 years to 18 years. In other respects the sections remain the same. Our decision in this case holding the classifications of former section 6—107 invalid is not to be construed as holding the classification in the present section unreasonable. There may be ample justifications for applying such classification to minors under 18 years of age which are not apparent when such a classification is applied to a minor under 21 years of age. For this reason we express no opinion as to the validity of present section 6—107.

The judgment of the appellate court is reversed.

*Judgment reversed.*