RUSSELL G. MASINELLI, Plaintiff-Appellant, *v.* JOHN S. HOFFERKAMP, Director, State Board of Elections, *et al.*, Defendants-Appellees.

(No. 12728;

Fourth District—July 26, 1974.

Phelps, Russell, Carmody & Kasten, of Carlinville (Carl E. Kasten, of counsel), for appellant.

Joseph P. Koval, State's Attorney, of Carlinville, for appellees County Clerks of Macoupin, Green, and Jersey Counties.

Thomas F. Londrigan, of Londrigan, Potter & Billington, of Springfield, for appellee Vincent T. Demuzio.

Thomas Price, Assistant Attorney General, of Springfield, for appellee John S. Hofferkamp.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This case was heard on an accelerated basis. Our ruling was announced shortly following the conclusion of oral argument, with the written opinion of the court to issue within a short day.

On March 19, 1974, the primary election in the 49th Legislative District was held. Plaintiff-appellant, Russell G. Masinelli, and defendant-appellee, Vincent T. Demuzio, were on the Democratic ballot, both seek-

ing to become the candidate for the office of State senator. The canvass of the ballots by the State Board of Elections was concluded on or about April 12, 1974. The Board proclaimed Demuzio to be the candidate of the Democratic Party by a margin of 330 votes. He received a total of 11,428 votes, and Masinelli received 11,098 votes.

The issue presented by this appeal is a narrow one. Plaintiff asserts that he is entitled to a discovery recount of some 12 precincts in the 49th legislative district by reason of the provisions of section 22—9.1 of the Election Code. (Ill. Rev. Stat. 1973, ch. 46, par. 22—9.1.) The trial court held that the statute in question did not afford discovery in primary elections, granted defendant's motion for summary judgment and dismissed plaintiff's complaint for writ of mandamus, declaratory judgment and injunctive relief. We affirm.

The pertinent portions of the statute provide as follows:

> "Within 5 days after proclamation of the results of any canvass *declaring persons elected to any office,* any candidate, who * * * received votes equal in number to at least 95% of the number of votes cast for any successful candidate * * * may file * * * a petition for purposes of discovery only, * * * asking that ballots be examined and counted in specified election districts * * *." (Emphasis added.) Ill. Rev. Stat. 1973, ch. 46, par. 22—9.1.

In urging that section 22—9.1 applies to primaries, as well as general elections, plaintiff argues that the use of the word "candidates" rather than "nominees," together with the use of the term "election" in the statute, is significant and impels the conclusion that primary elections are within the purview of the statute. Section 1—3 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 1—3(1)) provides:

> " 'Election' includes the submission of all questions of public policy, propositions, and all measures submitted to popular vote, *and includes primary elections when so indicated by the context.*" (Emphasis added.) Ill. Rev. Stat. 1973, ch. 46, par. 1—3(1).

■■ Primary elections are not within the context of section 22—9.1. The statute expressly, plainly, and without ambiguity provides for discovery after proclamation of the results of a canvass "* * * declaring persons elected to any office * * *." In the election in question no one was elected to office. The winner became his party's candidate to be elected to office. The statute is to be construed so as to give each word and sentence its ordinary and accepted meaning. (*Vaught v. Industrial Com.,* 52 Ill.2d 158, 165, 287 N.E.2d 701.) We therefore hold that section 22—9.1 does not afford discovery in primary elections. We also note that section 7—63 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par.

7—63) explicitly provides a procedure for contest of the results of a primary election.

Plaintiff also urges that construction of section 22—9.1 to deny him discovery constitutes a denial of equal protection of the law, in contravention of the fourteenth amendment to the Federal Constitution and article I, section 2, of the Constitution of Illinois (1970). We have examined the cases cited by plaintiff in support of this contention and find no persuasive authority. *Evans v. Cornman*, 398 U.S. 419, 26 L.Ed.2d 370, 90 S.Ct. 1752, dealt with the problem of denying the right to vote to those who pay no real estate taxes. *Reynolds v. Sims*, 377 U.S. 533, 12 L.Ed.2d 506, 84 S.Ct. 1362, held that a State may not dilute a person's vote to weight other interests. *Williams v. Rhodes*, 393 U.S. 23, 21 L.Ed. 2d 24, 89 S.Ct. 5, stands for the proposition that placement of candidates of a political party on the ballot cannot constitutionally be rendered impossible by State electoral machinery. Other cited cases are concerned with poll taxes, literacy standards, denial of right to vote to convicted misdemeanants, etc. None of these cases is relevant. There is no contention here that any citizen in the 49th legislative district was improperly prevented from casting his ballot, there is no contention that any citizen's vote was "diluted." The cases simply do not support the argument.

The legislature has chosen to make section 22—9.1 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 22—9.1) applicable only to general elections, and it has chosen to provide in section 7—63 of the Election Code a different procedure by means of which the results of primary elections may be tested.

■■■ We see no denial of equal protection in this classification. Section 22—9.1 applies equally to all candidates in all instances where one is elected to office, and section 7—63 applies equally to all candidates seeking party nomination to office in a primary. There is a presumption of the validity of legislative classifications. (*People v. Sherman*, 57 Ill.2d 1, 309 N.E.2d 562.) Unless the classification constitutes an infringement of a constitutionally protected interest or is inherently suspect, all that is required to sustain it is that it have some rational and reasonable basis. (*People v. McCabe*, 49 Ill.2d 338, 275 N.E.2d 407; *Sherman.*) We hold that the legislative decision to provide different procedures for testing the results of primary elections, as contrasted to those in which a candidate is elected to office, is not constitutionally infirm. The judgment is affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.