THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GREGORY GOLZ, Defendant-Appellant.

Second District    No. 76-172

Opinion filed October 14, 1977.

Ralph Ruebner and Joshua Sachs, both of State Appellate Defender's Office, of Elgin, for appellant.

William Cowlin, State's Attorney, of Woodstock (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Gregory Golz, defendant, appeals from a judgment of the Circuit Court of McHenry County revoking his probation and sentencing him to two to six years imprisonment.

Defendant was sentenced to probation in July 1974 after he entered a plea of guilty to the offense of forgery, and on June 2, 1975, the State filed a petition to revoke his probation alleging that he had violated its conditions by the commission of a burglary. Defendant's motion to continue the hearing of the petition to revoke probation until after trial of the criminal charge of burglary, upon which the petition to revoke probation was also based, was denied by the trial court. After the revocation hearing the court found defendant had violated his probation as described and sentence was imposed.

The only issue presented for review is whether defendant was denied the equal protection of the laws guaranteed by article I, section 2 of the Illinois Constitution of 1970 and the fourteenth amendment to the United States Constitution. He contends the trial court did so when his request was denied that he be prosecuted first for the substantive offense of burglary, with the State's burden of proof then being beyond a reasonable doubt, and was instead prosecuted first on the petition to revoke his probation for violation of its terms by the commission of the burglary, with the burden of proof then being by only a preponderance of the evidence. Had he been first acquitted of burglary if tried under the greater burden of proof, defendant contends, the State would have been precluded from trying him for that burglary on the petition to revoke his probation and, therefore, the State's arbitrary exercise of discretion to try him first, as it did, on the probation violation with its lesser burden of proof results in the denial of equal protection to probationers, such as himself, enjoyed by other probationers whom the State chooses to prosecute first on the substantive charge. We find defendant's argument to be without merit.

■■ Defendant relies upon *People v. Grayson* (1974), 58 Ill. 2d 260, 319 N.E.2d 43, *cert. denied* (1975), 421 U.S. 994, 44 L. Ed. 2d 484, 95 S. Ct. 2001, where the court held that the doctrine of collateral estoppel precluded revocation of a defendant's probation after his acquittal at trial of the same substantive criminal offense upon which the probation revocation petition was based. The principle was limited in *Grayson* to application in those circumstances where the proof of the offense alleged as a violation of a condition of probation would necessarily require a finding inconsistent with a finding of ultimate fact resolved favorably to

defendant in the first trial. (See also *People v. Warne* (1976), 39 Ill. App. 3d 894, 350 N.E.2d 836.) While reaffirming its holding in *People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721, that the revocation of a sentence of probation was properly determined upon a finding of a violation of the conditions of probation by a preponderance of the evidence, the court in *Grayson* found that the difference in the burden of proof necessary for a conviction of a substantive criminal offense and a finding of a violation of probation could not properly be utilized to relitigate an issue common to both proceedings. (58 Ill. 2d 260, 265, 319 N.E.2d 43, 45.) Defendant's understanding that he might not be tried at all for the alleged probation violation if first tried and acquitted of the common substantive offense of burglary is correct but does not in itself establish that an equal protection violation has occurred.

The fourteenth amendment prohibits discrimination between classifications of persons who are similarly situated, created through State action, where such classifications are unrelated to the public purpose sought to be attained or which, although reasonably designed to promote the public interest, have no reasonable basis and are therefore arbitrary. (*City of Chicago v. Vokes* (1963), 28 Ill. 2d 475, 479, 193 N.E.2d 40, 44, *appeal dismissed* (1964), 377 U.S. 124, 12 L. Ed. 2d 174, 84 S. Ct. 1141.) "Unless the classification constitutes an infringement of a constitutionally protected interest or is inherently suspect, all that is required to sustain it is that it have some rational and reasonable basis. [Citations.]" *People v. Sherman* (1974), 57 Ill. 2d 1, 4, 309 N.E.2d 562, 564; see *Brown v. Board of Education* (N.D. Ill. 1974), 386 F. Supp. 110.

Much of defendant's argument has been heretofore considered in *People v. Huff* (1976), 44 Ill. App. 3d 273, 357 N.E.2d 1380, where it was held that no denial of equal protection arises where a probationer is tried first for a violation of the conditions of his probation rather than for the new substantive criminal offense. The court based its decision on the rational differences between a criminal trial and a proceeding to revoke probation.

> "A probation revocation hearing is qualitatively different from a criminal trial and not every right in a criminal trial is extended to probation revocation hearings. [Citation.] * * * The probationer whose probation is being revoked is merely being resentenced because of his failure to comply with the terms of the probation order * * *. Since all probation proceedings are governed by the same standard of proof, we deem defendant's complaint to be without merit. [Citation.]" 44 Ill. App. 3d 273, 276-77, 357 N.E.2d 1380, 1383.

Defendant argues further, however, that equal protection is also denied to him because the State is allowed the "unbridled discretion"

to arbitrarily choose between trying a probationer first on the substantive charge or first on the petition to revoke probation.

It is clear that each probationer alleged to have committed a further criminal offense could be prosecuted in one of several ways. Each of them could be tried first on the petition to revoke probation, then on the substantive criminal offense, or first on the substantive criminal offense and then on the petition to revoke probation. Each could also be tried on only the petition to revoke probation or on only the substantive criminal offense. In addition, the State's Attorney may in the exercise of his discretion choose not to prosecute at all. Each probationer accused of a subsequent criminal offense, therefore, is at the discretion of the State ultimately placed in one of these five classifications; that fact alone does not raise an equal protection issue.

■■■ Prosecutors have traditionally been afforded a broad range of discretion within which to perform their public duties and their authority to select the offense to be prosecuted and the method of doing so is a necessary and proper function of that office in the criminal justice system. The State's Attorney is an elected representative of the people; he has the responsibility for evaluating the evidence and other pertinent factors to determine what offense, if any, can and should properly be charged (*People v. McCollough* (1974), 57 Ill. 2d 440, 444, 313 N.E.2d 462, 464, *appeal dismissed*, 419 U.S. 1043, 42 L. Ed. 2d 637, 95 S. Ct. 614; *People v. Rhodes* (1967), 38 Ill. 2d 389, 396, 231 N.E.2d 400, 403) and what penalties should be sought (*People v. Graham* (1975), 25 Ill. App. 3d 853, 857, 323 N.E.2d 441, 444).

> "Myriad factors can enter into the prosecutor's decision. Two persons may have committed what is precisely the same legal offense but the prosecutor is not compelled by law, duty or tradition to treat them the same as to charges. On the contrary, he is expected to exercise discretion and common sense * * *." (*Newman v. United States* (D. C. Cir. 1967), 382 F.2d 479, 481-82.)

It is not a denial of equal protection to refuse to extend the same offer of a negotiated plea to two co-defendants (*Newman v. United States* (D. C. Cir. 1967), 382 F.2d 479); nor is equal protection of the laws denied where some defendants are prosecuted for a crime while their accomplices are not (*People v. Tillman* (1972), 4 Ill. App. 3d 910, 282 N.E.2d 231). Where the State is permitted to choose whether to prosecute under either of two statutes requiring substantially similar proof but affording considerably different sentencing alternatives, equal protection of the laws is not violated. (*People v. Brooks* (1976), , 65 Ill. 2d 343, 357 N.E.2d 1169; *People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462, *appeal dismissed*, 419 U.S. 1043, 42 L. Ed. 2d 637, 95 S. Ct. 614; *People v. Yocum*

(1975), 31 Ill. App. 3d 586, 335 N.E.2d 183.) The discretion afforded a prosecutor is necessary because the legislature cannot fairly describe every possible set of circumstances which might present themselves to a prosecutor in each case and predetermine his course of action by statute; decisions must be made by those who administer the criminal laws in determining the method and direction of the prosecution.

■■ Defendant would have us find that the doctrine that all persons are entitled to the equal protection of the laws requires the prosecutor to treat each probationer alike without regard to the real and rational differences that exist between individuals charged with the commission of an offense and the manner and means they are alleged to have committed it. All offenders and their past and present conduct are patently not alike and justice would not be served by removing the prosecutorial discretion which can give consideration to those differences. Such discretion is not unbridled but must be exercised with due regard to the law.

■■ In the instant case defendant has presented no evidence in support of his conclusion he has been discriminated against. In the absence of such evidence, this court may not determine that the prosecutor has exercised his lawful discretion arbitrarily against defendant or that he applied an impermissible standard by basing his decision on a characteristic of this defendant, such as race, religion or nationality, to defendant's disadvantage. Impermissible prosecutorial selectivity may be shown, for example, where a defendant is intentionally chosen from among other violators for prosecution for a draft card violation because of his membership in a group unpopular with the government. (*United States v. Falk* (7th Cir. 1973), 479 F.2d 616; accord, *Edelman v. California* (1953), 344 U.S. 357, 97 L. Ed. 387, 73 S. Ct. 293 (dictum).) In *Yick Wo v. Hopkins* (1886), 118 U.S. 356, 30 L. Ed. 220, 6 S. Ct. 1064, the United States Supreme Court found equal protection was violated where a county board, having an unlimited discretion to grant operating licenses to laundries located in wooden buildings did, in fact, grant those licenses only to laundries operated by Caucasians and denied them to those operated by Chinese. While *Yick Wo* involved an administrative decision and not prosecution for a crime, its principles have been extended to the criminal sphere. In *Oyler v. Boles* (1962), 368 U.S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501, the court recognized that selective enforcement of the law, in practice, might well result in a denial of equal protection. The court required, however, that there be a showing not only of selectivity, but the application of an unjustifiable or impermissible standard in making that selection. 368 U.S. 448, 456, 7 L. Ed. 2d 446, 453, 82 S. Ct. 501, 506; see also *State v. Steurer* (1973), 37 Ohio App. 2d 51, 306 N.E.2d 425.

■■ Defendant Golz has made no showing either of improper selectivity in his prosecution or of the use of an impermissible standard by

the State in making its decision to prosecute him first on the petition to revoke probation. In neither the procedure employed by the State in prosecuting him nor its administration has he demonstrated any violation of his right to equal protection of the laws.

For these reasons we affirm the judgment of the Circuit Court of McHenry County.

Affirmed.

RECHENMACHER, P. J., and BOYLE, J., concur.