402 So.2d 386 (1981)
STATE of Florida, Appellant,
v.
Robert K. WERNER and Jack E. Carlson, Appellees.
No. 57920.
Supreme Court of Florida.
June 25, 1981.
Rehearing Denied September 8, 1981.
*387 Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, and Janet Reno, State's Atty. and Arthur Joel Berger, Asst. State's Atty., Miami, for appellant.
Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, Miami, for appellee Robert K. Werner.
Martin Lemlich, Miami Beach, for appellee Jack E. Carlson.
ENGLAND, Justice.
Robert K. Werner and Jack E. Carlson were charged by information with trafficking in cocaine in violation of section 893.135, Florida Statutes (1979). This appeal comes to us under article V, section 3(b)(1), of the Florida Constitution (1972), from an order of the trial court granting their motions to dismiss the charges against them and declaring the statute unconstitutional.
All but one of the issues presented by this appeal were resolved against Werner and Carlson in State v. Benitez, 395 So.2d 514 (Fla. 1981), and State v. Yu, 400 So.2d 762 (Fla. 1981). The one unresolved issue they raise is whether the term "may" in section 893.135(3) is unconstitutionally vague, since it vests the prosecutor with unbridled discretion when engaging in so-called "post-conviction information bargaining." Subsection (3) provides that "[t]he state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, co-conspirators, or principals." Werner and Carlson claim that this provision leaves open the possibility that a prosecutor might secure "substantial assistance" from the defendant, and yet not live up to his side of the bargain by moving for a reduction or suspension of the sentence. While their concerns may be sincere, they do not provide a constitutional basis to invalidate the enactment.
State attorneys are "the prosecuting officer[s] of all trial courts" under our constitution[1], and as such must have broad discretion in performing their duties. Discretion to initiate the post-conviction information bargaining process is inherent in the prosecutorial function. Absent a clear constitutional violation in a particular factual context, we refuse to intrude on the prosecutorial function by holding subsection (3) unconstitutional on its face.
Additionally, section 893.135 does not directly abrogate the substantive rules of law governing plea bargaining and plea arrangements[2], and these rules should be followed, to the extent they can in a post-conviction *388 context, by the parties and the trial judge. Good faith compliance with rules governing the plea bargaining process will prevent prosecutorial overreaching and alleviate any possible constitutional infirmities which might plague the unique procedure established by subsection (3).
The order of the trial court is reversed, and the case is remanded for further proceedings.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Art. V, § 17, Fla. Const.
[2] See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Fla.R.Crim.P. 3.170 & 3.171.