BERANEK, Judge.
Defendants appeal their convictions, five-year sentences, and $50,000 fines for trafficking in marijuana. The defendants were among four people found on a 45-foot sailboat containing almost 7,000 pounds of marijuana. One of these individuals testified to the details of the entire importation scheme, which involved two boats and an off loading operation in the Bahamas. On appeal, defendants raise five points which we have reviewed and find to be without *1048 merit. One of these points involves the initial stop of the boat by United States Customs Officials. Defendants contend that it was an invalid border stop. We hold, however, that the stop was justified as it was based on a reasonable suspicion that the craft was carrying contraband. See 19 U.S.C. § 1581(a) and United States v. Serrano, 607 F.2d 1145 (5th Cir.1979), cert. denied, 445 U.S. 965, 100 S.Ct. 1655, 64 L.Ed.2d 241 (1980).
Another point concerns the trafficking statute, Section 893.135, Florida Statutes (1981), the constitutionality of which has been upheld in State v. Benitez, 395 So.2d 514 (Fla.1981). The court properly applied the mandatory sentencing provisions of Section 893.135. Defendants complain because one of their own group cooperated with the authorities, testified against them and received probation rather than jail time.[1] Defendants argue that they also were willing to cooperate but that they lost the “race to the courthouse.” It is true that defendants made numerous attempts to avail themselves of the “substantial assistance” provisions of the trafficking statute. Their offers were rejected. The prosecutor stated that the State of Florida already knew everything they had to offer and that their offers were no longer of any value. Obviously, the “substantial assistance” provisions were not designed or intended to produce equivalent or identical sentencing results for all co-conspirators in the same trafficking operations. Under this statute, the person who cooperates first may well get a lighter sentence. If the statute creates a “race to the courthouse” then the Legislature will be extremely pleased and the slower defendant should not be heard to complain. That drug importers will be standing in line to confess and point an accusing finger at their coper-petrators does no constitutional violence to the rights of the slower defendants. All other points have been considered and found to be lacking in merit or harmless error.
AFFIRMED.
LETTS, C.J., and DELL, J., concur.

. The person who testified against defendants was prosecuted in a separate case and was not convicted under the trafficking statute.