Leonard **NIEPOKOJ**, Ruby Niepokoj, William O. Fifield, Monda F. Sagalkin, William H. Fifield, Bank of Indiana, as Trustee under the terms and provisions of Trust No. 5908, and Otto G. Fifield, Inc., an Indiana Corporation, Appellants (Defendants Below),

v.

Ann **SCHULZ**, Appellee (Plaintiff Below).

No. 64A03–8608–CV–240.

Court of Appeals of Indiana, Third District.

Oct. 27, 1987.

Rehearing Denied Dec. 2, 1987.

Robert M. Corbin, Walker, Fleming, Corbin & Greenberg, P.C., Merrillville, for appellants William O. Fifield, Monda F. Sagalkin, William H. Fifield and Otto G. Fifield, Inc.

William B. Davis, Bonnie C. Coleman, Hodges, Davis, Gruenberg, Compton & Sayers, P.C., Merrillville, for appellants Niepokoj and Bank of Indiana.

Nick Katich, Addison, Stoner, Stiles & Katich, P.C., Merrillville, for appellee.

STATON, Judge.

Leonard Niepokoj, Ruby Niepokoj, William O. Fifield, and Monda F. Sagalkin, (collectively referred to as Niepokoj) are the beneficial owners of an apartment complex held in trust. William H. Fifield (Fifield), an attorney and chairman of Otto G. Fifield, Inc., a real estate sales and brokerage firm, represented Niepokoj in an attempted sale of the apartment complex. Niepokoj, Fifield and Otto G. Fifield, Inc., were held liable by the trial court for real estate commissions to Ann Schulz, the selling agent. We consider the following issue: Did Niepokoj's first counter offer, which contained the real estate commission clause and was signed by Niepokoj and Fifield, satisfy the land sale commission statute of frauds? We hold it did, and affirm.

Schulz, a real estate agent, entered into an agreement with Niepokoj under which Schulz would attempt to "secure a purchaser" for real estate Niepokoj wished to sell. Schulz procured the Krupchaks, who made an offer on the real estate. Niepokoj re-

sponded, on the same instrument, with a counter offer at a higher price. Niepokoj also filled in the blanks in the commission clause and together with Fifield signed in the space provided for the seller.

Krupchaks rejected Niepokoj's counter offer, and the parties exchanged a series of counter offers before arriving at an agreement. However, only the first counter offer, described above, contained any reference to real estate commissions.

The trial court found that a valid agreement existed for real estate commissions, and found in favor of Schulz. Niepokoj and Fifield appeal.

A general judgment must be affirmed if it is sustainable on any legal theory. *English Coal Co. v. Durcholz* (1981), Ind.App., 422 N.E.2d 302, 307. Indiana Rules of Procedure, Trial Rule 52(A) provides:

> On appeal of claims tried by the court without a jury or with an advisory jury, at law or in equity, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

It is also well settled that the evidence must be viewed most favorably to the appellee and that every reasonable presumption and inference is indulged in favor of sustaining the trial court's decision. *State Sec. Life Ins. Co. v. Kintner* (1962), 243 Ind. 331, 185 N.E.2d 527, 531.

The commission clause at issue provided that Niepokoj would pay Schulz $12,000.00 "for services rendered in securing a purchaser." Niepokoj asserts that, because the commission clause was included on the instrument which contained Niepokoj's counter offer (exhibit 1), the commission clause "died" when the counter offer was rejected. We disagree.

Niepokoj fails to perceive that there are two contracts at issue. The first contract was between the Krupchaks and Niepokoj, and it was created after many offers and counter offers were rejected. Each rejection terminated the offer then outstanding. However, Schulz is not suing on the contract between Krupchaks and Niepokoj; she is suing on the contract between Niepokoj and Schulz. Niepokoj's contractual liability to Schulz was not contingent upon the sale of Niepokoj's land to the Krupchaks; rather, it was contingent on Schulz's "procuring a purchaser" (which has been construed in Indiana to mean procuring a person who was ready, willing, and able to purchase the property. *Gerardot v. Emenhiser* (1977), 173 Ind.App. 353, 363 N.E.2d 1072, 1077). While the evidence is in conflict, there is evidence which supports the trial court's finding (implicit in its judgment for Schulz) that Schulz procured a purchaser; i.e., that the Krupchaks were ready, willing, and able to close the deal, and that it was Niepokoj who refused to close. Thus, Schulz fulfilled her obligation under the agreement.

Niepokoj asserts, however, that Indiana Code 32–2–2–1 precludes Schulz's recovery. IC 32–2–2–1 provides:

> Commission for sale of land.—No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one [1] person of a purchaser for the real estate of another shall be valid unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative: Provided, That any general reference to such real estate sufficient to identify the same shall be deemed to be a sufficient description thereof.

Niepokoj claims that the commission clause was rendered ineffective because it appeared on the same sheet of paper as the rejected counter offer. Nowhere in IC 32–2–2–1 is the requirement that a commission clause be part of an unrevoked offer for the sale of land. IC 32–2–2–1 requires only that an agreement between a seller of land and an agent be 1) in writing, and 2) signed by the seller. Exhibit 1, which is the instrument containing the commission clause, is 1) in writing, and 2) signed by the seller. IC 32–2–2–1, as a statute of frauds, was designed to prevent a *verbal* commission agreement from being actionable, because of the potential for fraud. Exhibit 1 satis-

fies this evidentiary function central to the idea of any statute of frauds. Thus, while exhibit 1 could not represent a valid contract between the Krupchaks and Niepokoj because it was revoked, it nevertheless is adequate to satisfy the evidentiary requirements of IC 32-2-2-1. The trial court's award of commissions to Schulz was not error.

Affirmed.

MILLER, J., concurs.

HOFFMAN, J., concurs and dissents with opinion.

HOFFMAN, Judge, concurring and dissenting.

I concur except as to the judgment against William H. Fifield and Otto G. Fifield, Inc.

William H. Fifield acted as agent and attorney-in-fact for William O. Fifield and Monda F. Sagalkin. He is a licensed Indiana real estate broker and chairman of the board of directors of Otto G. Fifield, Inc., an Indiana corporation engaged in the business of real estate sales and brokerage.

The majority bases its affirmance on the contract between Niepokoj and Schulz. This contract was signed by Leonard Niepokoj[1] and William H. Fifield as agent for William O. Fifield and Monda F. Sagalkin. William O. Fifield and Monda F. Sagalkin are the children of William H. Fifield and there is no dispute as to his acting as their agent and attorney-in-fact.

Neither William H. Fifield nor Otto G. Fifield, Inc., signed the contract and the names do not appear anywhere within the contract. Therefore, I can find no basis to support the judgment against William H. Fifield and Otto G. Fifield, Inc. I would reverse as to those parties.

---

1. The assumption is that Leonard Niepokoj is also acting on behalf of Ruby Niepokoj, his wife. No mention in the transcript or briefs is made of the contrary.