543 So.2d 804 (1989)
STATE of Florida, Appellant,
v.
Stephen SENICH, Appellee.
No. 88-0640.
District Court of Appeal of Florida, Fourth District.
May 3, 1989.
As Corrected May 9, 1989.
Certification Denied June 14, 1989.
*805 Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellee.
STONE, Judge.
The state appeals the imposition of a sentence, in the absence of substantial assistance, which was below the fifteen-year mandatory minimum required by section 893.135(1)(b)(3), Florida Statutes (1987). The sentence followed a plea to trafficking, and conspiracy to traffic, in four hundred or more grams of cocaine. It is undisputed that substantial assistance was not rendered. Nevertheless, the trial court sentenced the defendant to eight years in prison and waived the mandatory fine because the sentence of a codefendant, who had been appellant's "source" of the drugs, had been reduced below the mandatory minimum at the state's request in accordance with a plea agreement. There was no such plea agreement reached with Senich, who had entered an "open" plea to the court. The prosecutor stated, at the time of the plea, that if Senich did provide substantial assistance prior to the sentencing hearing, the state would move for a reduction of the mandatory minimum. If Senich did not provide substantial assistance, then the statutory mandatory minimum would be imposed.
The defendant was afforded the opportunity to provide any assistance that might justify a sentence reduction, but he did not, and made minimal effort to do so. The trial court reasoned that it could not constitutionally impose a fifteen-year sentence on the middle man when his supplier received a lesser sentence. The court also indicated that the statute would be unconstitutional as applied, because the appellee, as a middle man, did not have the same ability as his codefendant-supplier to provide information.
Section 893.135(4), Florida Statutes (1987), provides:
The state attorney may move the sentencing court to reduce or suspend the sentence of any person who is convicted of a violation of this section and who provides substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals or of any other person engaged in trafficking in controlled substances. (emphasis added)
Clearly, the mandatory minimum sentence, if constitutionally applied, must be imposed by the trial court, in the absence of a request by the state to reduce the sentence. E.g., State v. Taylor, 411 So.2d 993 (Fla. 4th DCA 1982).
The supreme court has indicated that subsection (3) of the trafficking statute may be found to be unconstitutionally applied under certain circumstances, such as where a prosecutor clearly failed to live up to the state's side of a plea agreement, after securing the bargained for substantial assistance. State v. Werner, 402 So.2d 386 (Fla. 1981). But the state does not act in bad faith, or engage in overreaching, simply by entering into a plea agreement with one codefendant which is not offered to the other, by entering into different agreements with codefendants, or by otherwise treating them differently in the exercise of the state's discretion. The statute does not deprive a defendant of equal protection rights merely by providing an opportunity for a lesser sentence to one defendant, *806 who, according to the state's motion, provides assistance, and by denying that opportunity to another who does not do so. E.g., State v. Benitez, 395 So.2d 514 (Fla. 1981); McCrary v. State, 427 So.2d 1047 (Fla. 4th DCA), rev. denied, 438 So.2d 833 (Fla. 1983).
Therefore, the sentence is reversed. We remand for resentencing in accordance with the statute.
GUNTHER and GARRETT, JJ., concur.