557 So.2d 236 (1990)
STATE of Florida, Appellant/Cross Appellee,
v.
Daniel VENEGAS, Appellee/Cross Appellant.
No. 88-1872.
District Court of Appeal of Florida, Fourth District.
February 28, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, Joan Fowler and Lynn Waxman, Asst. Attys. Gen., West Palm Beach, for appellant/cross appellee.
H. Dohn Williams, Jr. of H. Dohn Williams, Jr., P.A., Fort Lauderdale, for appellee/cross appellant.
DELL, Judge.
The state appeals from an order granting appellee's motion for a mitigated sentence and contends the trial court erred in reducing appellee's sentence because the record does not show that the state's refusal to move for a sentence reduction pursuant to section 893.135(4), Florida Statutes (1987), constituted bad faith or overreaching. We agree and reverse. Appellee cross-appeals and contends that his sentence should have been reduced or mitigated to the same sentence as that imposed on a codefendant. We find no merit in this contention.
Appellee and an accomplice, Robert Van Meter, arranged a drug transaction with a Broward County Sheriff's undercover agent. Upon completion of the transaction, the sheriff arrested appellee and his accomplice. The state advised appellee that he could reduce his sentence by rendering substantial assistance and, with that understanding, he entered an open plea of guilty to charges of trafficking in cocaine and conspiracy to traffic in cocaine. The *237 accomplice also entered into a substantial assistance agreement and although the state moved to reduce the accomplice's sentence it refused to make a similar motion on behalf of appellee. Appellee claims that he rendered assistance at least equal to or greater than that rendered by his accomplice but that his attempts were frustrated by media publicity.
The trial court concluded in its written sentencing order that:
Considering the testimony of Agent Knight and Detective Damiano, the terms of the plea agreement, and the legislative intent of the Statute, the Court finds as a matter of law and fact (1) that the Defendant has substantially complied with the terms of his plea agreement, and (2) that the Defendant has substantially complied with the terms of his "substantial assistance" agreement. Therefore, the State Attorney's refusal to petition for mitigation constitutes prosecutorial overreaching and abuse rendering the "substantial assistance" provision unconstitutional as applied to the Defendant.
However, the record of the sentencing hearing contradicts the trial court's written findings of abuse and overreaching:
THE COURT: I understand that. I understand that.
Actually, both sides are well presented [sic] and both sides have a point. But I think in all fairness I'll give him the benefit of the substantial compliance with substantial assistance and because he did decide to come clean, he did, and not all at once.
PROSECUTOR: I am not aware of any authority that would permit the court to grant the defendant substantial assistance if the state is not moving for it.
THE COURT: I'll in effect give him the benefit of substantial assistance somehow even if we don't call it substantial assistance.
PROSECUTOR: How are you going to do that, Judge?
... .
THE COURT: All right. Once again, I will  I can't use the term bad faith. I'm not ascribing bad faith to the state. I'm just saying that it's not a fair deal... .
... .
PROSECUTOR: When I spoke, I was meaning your feelings regarding what the defendant has done, are you finding then that there was overreaching or a lack of abuse of discretion on the part of the prosecution?
THE COURT: They're awful tough words. Like I say, I can't find bad faith. I don't think you acted in bad faith. And whatever the mildest words I can frame it under is the ones I have  I am going to use.
Basically, I think it's a lack of  probably worked out to equal protection in the way this guy and the ... .
In State v. Werner, 402 So.2d 386, 387 (Fla. 1981), the supreme court concluded that section 893.135 was not unconstitutionally infirm because "it vests the prosecutor with unbridled discretion when engaging in so called `post conviction information bargaining'." In Werner, the court pointed out:
Additionally, section 893.135 does not directly abrogate the substantive rules of law governing plea bargaining and plea arrangements, and these rules should be followed, to the extent they can in a post-conviction context, by the parties and the trial judge. Good faith compliance with rules governing the plea bargaining process will prevent prosecutorial overreaching and alleviate any possible constitutional infirmities which might plague the unique procedure established by subsection (3). (footnote omitted)
Id. at 387-88.
At the sentencing hearing the trial court correctly found, notwithstanding its written findings, that the state's inaction did not constitute bad faith or overreaching. In the absence of such conduct by the state, the trial court did not have the authority to grant appellee's motion for a reduction of sentence based on his claim of substantial assistance.
Next, we hold that State v. Senich, 543 So.2d 804 (Fla. 4th DCA 1989) controls *238 appellee's point on cross-appeal. In Senich, we said:
The supreme court has indicated that subsection (3) of the trafficking statute may be found to be unconstitutionally applied under certain circumstances, such as where a prosecutor clearly failed to live up to the state's side of a plea agreement, after securing the bargained for substantial assistance. State v. Werner, 402 So.2d 386 (Fla. 1981). But the state does not act in bad faith, or engage in overreaching, simply by entering into a plea agreement with one codefendant which is not offered to the other, by entering into different agreements with codefendants, or by otherwise treating them differently in the exercise of the state's discretion. The statute does not deprive a defendant of equal protection rights merely by providing an opportunity for a lesser sentence to one defendant, who, according to the state's motion, provides assistance, and by denying that opportunity to another who does not do so. (citations omitted).
Id. at 805-06.
We recognize that the defendant in Senich did not provide substantial assistance and here appellee contends that he did provide some degree of assistance to the state. However, the state did not deem appellee's attempt at substantial assistance sufficient to warrant a motion to reduce or suspend his sentence. The disparity between the sentence which the trial court must impose on appellee and the sentence imposed on other participants to this transaction will not result in a denial of equal protection. See Senich.
Accordingly, we reverse the sentence imposed by the trial court. We remand this cause and instruct the trial court to sentence appellee in accordance with Florida Statute, § 893.135.
REVERSED and REMANDED.
DOWNEY and STONE, JJ., concur.