LETTS, Judge,
dissenting.
The defendant, who entered a guilty plea to trafficking in cocaine, did so upon the assumption that if he rendered substantive assistance he would not be sentenced to the fifteen-year mandatory minimum. In fact, the trial judge sentenced him to only seven and one-half years imprisonment. I would affirm.
On appeal, the state argues that section 893.135(4), Florida Statutes (1987), provides that the state “may move the sentencing court to reduce or suspend the sentence” and points out that in the instant case, the state made no such motion and that the trial court was, therefore, without authority to reduce it. See Mack v. State. However, I feel that the instant case should provide an exception, especially since it is unquestioned that the defendant did render substantial assistance, prior to pleading guilty, in a reverse-sting operation resulting in two arrests, the forfeiture of $100,-000 in cash and seizure of three kilograms of cocaine.[1] A detective informed the defendant that he thought the state’s attorney would acquiesce to a reduction in sentence and went to get approval. The particular prosecutor whose approval was required was discovered to be unavailable for a week and the reverse-sting operation went ahead in the meantime. The defendant then agreed to do another operation (this time a buy/bust) and was willing to go all the way to Ohio to effect it. In the interim, the defendant pled guilty and the state undertook to file a motion to reduce his sentence if he substantially assisted in the second operation. The state, not the defendant, who remained willing to do his part, then cancelled this second operation as too dangerous.
The state’s insistence, because no actual motion to reduce was filed, that the trial judge could not do what he did, is mean-spirited and smacks of overreaching. See State v. Venegas, 557 So.2d 236 (Fla. 4th DCA), rev. denied, 567 So.2d 436 (Fla.1990). I would affirm.

. At one point during the sentencing hearing, the state argued that the defendant was to do a five-kilo-deal and that he only did three. However, as the judge pointed out, this ignores the seizure of $100,000 in cash; a sum well in excess of the value of the two missing kilos. It also ignores the defendant’s later undertaking to do the buy/bust operation which the state can-celled.