PER CURIAM.
Fernandez’s application for 3.850 relief was based on the contention that the fact that, upon the prosecutor’s recommendation, he was given a harsher sentence than an allegedly “similarly situated” female codefend-ant — both were parents with primary responsibility for their children — entitled him to relief under the equal protection clause of the Fourteenth Amendment of the United States Constitution. We agree that there is no merit to this claim. United States v. Redon-do-Lemos, 27 F.3d 439 (9th Cir.1994); Newman v. United States, 382 F.2d 479 (D.C.Cir.1967); State v. Venegas, 557 So.2d 236 (Fla. 4th DCA 1990), review denied, 567 So.2d 436 (Fla.1990), review denied, 574 So.2d 144 (Fla.1990); State v. Senich, 543 So.2d 804 (Fla. 4th DCA 1989), review denied, 551 So.2d 462 (Fla.1989); People v. Golz, 53 Ill.App.3d 654, 11 Ill.Dec. 461, 368 N.E.2d 1069 (1977), cert. denied, 437 U.S. 905, 98 S.Ct. 3091, 57 L.Ed.2d 1134 (1978); State v. Acoff, 80 Ohio App.3d 765, 610 N.E.2d 619 (1992); State v. Tucker, 315 Or. 321, 845 P.2d 904 (1993). See generally United States v. Armstrong, — U.S. —, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996); Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978); Foster v. State, 614 So.2d 455 (Fla.1992), cert. denied, 510 U.S. 951, 114 S.Ct. 398, 126 L.Ed.2d 346 (1993); Miller v. State, 651 So.2d 138 (Fla. 3d DCA 1995), review denied, 659 So.2d 1087 (Fla.1995).
Affirmed.